IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

REBECCA M. PEREIDA,

Claimant-Appellant,

v.

No. 2024-2018

DENIS McDONOUGH,
Secretary Of Veterans Affairs,

Respondent-Appellee.

**RESPONDENT-APPELLEE'S CORRECTED
INFORMAL BRIEF AND SUPPLEMENTAL APPENDIX**

Pursuant to Rule 28(g)(3) of the rules of this Court, Denis McDonough,

Secretary of Veterans Affairs, respectfully submits this informal brief and

supplemental appendix in response to the informal brief filed by Claimant-Appellant

Rebecca Pereida. ECF No. 17. Ms. Pereida appeals the decision of the United States

Court of Appeals for Veterans Claims (Veterans Court) in *Pereida* v. *McDonough*, No.

22-6676 (Vet. App. Feb. 29, 2024); SAppx1-6.[1] In *Pereida*, the Veterans Court

affirmed a Board of Veterans' Appeals (board) decision denying entitlement to

benefits under 38 U.S.C. § 1805 for a child born with spina bifida, and under

38 U.S.C. § 1815 for a child born with other covered birth defects. SAppx1-6. The

Court should dismiss this appeal for lack of jurisdiction because it involves the

straightforward application of law to the facts of Ms. Pereida's case.

---

[1] "SAppx" refers to pages in the supplemental appendix attached to this brief.

## STATEMENT OF THE CASE

**I.      Relevant Statutes and Regulations**

38 U.S.C. § 1805(a)

The Secretary shall pay a monthly allowance under this section to any child of a Vietnam veteran for any disability resulting from spina bifida suffered by such child.

38 C.F.R. § 3.814(a)

VA will pay a monthly monetary allowance . . . to or for a person who VA has determined is an individual suffering from spina bifida whose biological mother or father is or was a Vietnam veteran[.]

***

38 U.S.C. § 1815(a)

The Secretary shall pay a monthly allowance to any eligible child for any disability resulting from the covered birth defects of that child.

38 C.F.R. § 3.815(a)(1)

VA will pay a monthly monetary allowance . . . to or for an individual whose biological mother is or was a Vietnam veteran and who VA has determined to have disability resulting from one or more covered birth defects.

38 U.S.C. § 1811(1)(A)-(B)

The term "eligible child" means an individual who – (A) is the child . . . of a woman Vietnam veteran; and (B) was born with one or more covered birth defects.

**II.     Statement of Facts and Course of Proceedings**

Ms. Pereida is the surviving daughter of Jose J. Pereida, a veteran who served

on active duty from August 1958 to August 1962 and from September 1962 to August

1968, with service in Vietnam. SAppx13. In October 2019, Ms. Pereida filed with VA an application for benefits as a child with disabilities born of a Vietnam veteran, listing the following conditions: spinocerebellar ataxia, dystonia, migraine headaches, fibromyalgia, diabetes mellitus, panic disorder with agoraphobia, degenerative joint disease of the lower back, and spinonsitia. SAppx68-69. These conditions form the basis of Ms. Pereida's claim for benefits.

A VA Regional Office (RO) received Ms. Pereida's application for benefits and subsequently denied entitlement in March 2020. SAppx59-66. Ms. Pereida's application for benefits as a child born with spina bifida was denied because there was no medical evidence that Ms. Pereida had a diagnosis of spina bifida. SAppx59. Ms. Pereida's claim for birth defects was denied because her mother was not a Vietnam veteran. SAppx60. Ms. Pereida appealed this decision to the board in April 2020, and indicated that she wanted a hearing with a Veterans Law Judge. SAppx58. On March 14, 2022, a hearing with a Veterans Law Judge was held. SAppx46-57. At this hearing Ms. Pereida testified that her mother was not a Vietnam veteran, which her mother confirmed. SAppx50. Ms. Pereida also testified that she has not been diagnosed with spina bifida. SAppx49.

In July 2022, the board issued a decision denying entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida and under 38 U.S.C. § 1815 for a child born with other birth defects, SAppx12-16, making the factual determinations that (1) the record does not establish that Ms. Pereida's mother was a Vietnam veteran

and (2) the record does not establish that Ms. Pereida has spina bifida.  SAppx13.  In response to Ms. Pereida's argument that benefits should be awarded to her based on her father's service in Vietnam, the board noted that there is no basis in law for payment involving disabilities, other than spina bifida, of a natural child whose father served in Vietnam.  SAppx15.

Ms. Pereida appealed the board's decision to the Veterans Court, which first affirmed the board's determination that Ms. Pereida did not qualify for benefits under 38 U.S.C. § 1805 as a child born with spina bifida because she does not have spina bifida.  SAppx5.  The court explained that despite Ms. Pereida's argument that she suffers from dystonia, and that this condition is similar to spina bifida, section 1805 requires a diagnosis of spina bifida to be awarded benefits.  SAppx5.  Then the Veterans Court concluded that the board's factual determination that Ms. Pereida's mother never served in Vietnam was not clearly erroneous and affirmed the board's determination that 38 U.S.C. § 1815 only applies to an individual with a disability from covered birth defects whose biological mother is or was a Vietnam veteran.  SAppx6.  Because Ms. Pereida's mother is not a Vietnam veteran, the court held that the board did not err in its conclusion that Ms. Pereida was not eligible for benefits pursuant to section 1815.  SAppx6.

The Veterans Court entered judgment on March 22, 2024, SAppx7, and this appeal followed.  ECF No. 1.

# JURISDICTIONAL STATEMENT

This Court does not have jurisdiction over this appeal because Ms. Pereida does not challenge any interpretation by the Veterans Court of a statute or regulation, nor does she raise any genuine constitutional issues.

"This [C]ourt's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Pursuant to 38 U.S.C. § 7292(a), this Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." It may not, however, "review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) (citing 38 U.S.C. § 7292).

In reviewing a Veterans Court decision, this Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). In this case, the Veterans Court simply applied the law to the facts.

Finally, there are no genuine constitutional issues raised in Ms. Pereida's informal brief, and as such, the Court does not have jurisdiction. *See Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc), *superseded in part by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, tit. IV, § 402(a), 116 Stat. 2820, 2832 (codified as amended at 38 U.S.C. § 7292), *as recognized in Morgan v. Principi*, 327 F.3d 1357, 1360-64 (Fed. Cir. 2003).

## QUESTIONS AND ANSWERS

**1.  Has the claimant-appellant ever had another case before this court? If yes, state the name and number of each case.**

In her informal brief, Ms. Pereida indicates that she has not had another case before this Court. Cl. Br. at 2.[2] We are not aware of any other case that Ms. Pereida has filed before this Court.

**2.  Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation? If yes, what are your arguments concerning those issues?**

No, the Veterans Court's decision did not involve the validity or interpretation of a statute or regulation. Rather, the Veterans Court applied established law concerning benefits for children of Vietnam veterans to the facts of Ms. Pereida's case when it affirmed the board's denial of entitlement to benefits. That application of law to fact is beyond the Court's jurisdiction.

---

[2] Citations to pages in Ms. Pereida's brief are based on the pagination provided by CM/ECF.

This Court may not review the challenge to a law or regulation as applied to the facts of a particular case, unless the interpretation of such law or regulation was arbitrary and capricious, contrary to statutory right, in excess of statutory jurisdiction, or without observance of procedure required by law. 38 U.S.C. § 7292(d). Merely citing a statute or regulation or summarizing its content does not rise to the level of "interpretation." *See Forshey*, 284 F.3d at 1349 (interpretation occurs when the Court elaborates on the meaning of a statute or regulation).

Ms. Pereida thus fails to present any argument that the Veterans Court misinterpreted any statute or regulation in its decision. Indeed, Ms. Pereida answers "no" to the question of whether the Veterans Court's decision "involve[d] the validity or interpretation of a statute or regulation[.]" Cl. Br. at 2. But Ms. Pereida goes on to state that "38 U.S.C. Chapter 18, Subchapter II only applies to women who served in Vietnam which is sexist." *Id.*

Ms. Pereida is correct insofar as that subchapter provides certain benefits only to the children of women Vietnam Veterans – the subchapter for the (non-spina bifida) benefits Ms. Pereida seeks is entitled, "Children of Women Vietnam Veterans Born with Certain Birth Defects." *See* 38 U.S.C. §§ 1811-16. The statute defines an "eligible child" as an "individual who . . . is the child . . . of a woman Vietnam veteran; [] and was born with one or more covered birth defects." 38 U.S.C. § 1811(1). "Covered birth defects" are defined as certain "birth defects of children of women Vietnam veterans." 38 U.S.C. § 1812(a). The plain language of the statute clearly

7

reflects Congress's intent to authorize benefits for the male and female children of female, not male, Vietnam veterans. The Veterans Court correctly applied this statute to the facts of the case in holding that Ms. Pereida is not eligible for benefits because her mother is not a Vietnam veteran.

To the extent Ms. Pereida disagrees with the statute on grounds of fairness, the Veterans Court noted that it "sympathize[d]" with Ms. Pereida's "situation and troubles," but correctly explained that "the law is clear as to which claimants are entitled to benefits under sections 1805 and 1815." SAppx6. Congress explicitly limited section 1815 benefits to the children of women who served in Vietnam, and Ms. Pereida cannot ask the Court to "weigh the wisdom" of the statute. *See Day-Brite Lighting Inc. v. State of Mo.*, 342 U.S. 421, 423 (1952).

As Ms. Pereida does not raise an issue related to the validity or interpretation of a statute or regulation over which the Court has jurisdiction, the Court should dismiss this appeal.

**3. Did the Court of Appeals for Veterans Claims decide constitutional issues? If yes, what are your arguments concerning those issues?**

No, the Veterans Court did not decide any constitutional issues, it merely applied the established law to the facts of the case.

Ms. Pereida answers "no" to this question but goes on to assert that Subchapter II of Chapter 18, Title 38 is "unconstitutional." Cl. Br. at 3. However, Ms. Pereida provides no further explanation or support for this assertion in her brief.

Although Ms. Pereida proceeds *pro se*, she cannot vest this Court with jurisdiction over her appeal by merely asserting, without explanation, that a statute is unconstitutional. The Court may consider a genuine, free-standing constitutional issue, but it does not have jurisdiction to entertain issues that are merely labeled "constitutional" for purposes of invoking the Court's jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[C]haracterization of . . . [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."); *Clay v. McDonald*, 618 Fed. App'x 674, 677 (Fed. Cir. 2015) ("Without a legitimate explanation providing an adequate basis for [due process and equal protection violation claim] it is constitutional in name only and thus outside of our jurisdiction."). Ms. Pereida does not raise a genuine constitutional issue and the Court does not possess jurisdiction to entertain claims that are "constitutional in name only." *Id.*

4. **Did the Court of Appeals for Veterans Claims fail to decide any other issue correctly? If yes, how?**

No, the Veterans Court did not fail to decide any other issue correctly.

Ms. Pereida states here that "[e]xcluding all biological fathers (male Vietnam veterans) is sex discrimination." Cl. Br. at 3. To the extent Ms. Pereida is suggesting that the Veterans Court failed to decide the constitutionality of section 1815, however, the Veterans Court did not have jurisdiction over such an argument because she did not challenge the constitutionality of the statute before the agency. *See Ledford v. West*,

9

136 F.3d 776, 779 (Fed. Cir. 1998) ("Ledford had to first present his constitutional . . . challenges to the agency before presenting them to the Court of Veterans Appeals.").

Even if she had properly raised a constitutional challenge before the agency, however, Ms. Pereida did not make a fully developed constitutional challenge to section 1815 before the Veterans Court. At most, Ms. Pereida called section 1815 an "injustice, [] sexist, prejudice, and sex discrimination," but she did not provide any basis for these contentions. SAppx38. It is unclear, therefore, why section 1815 would not withstand rational basis review, *see Talon v. Brown*, 999 F.2d 514, 517 (1993) (noting that when "legislation involving governmental payment of monetary benefits . . . is challenged on equal protection grounds as being violative of the Fifth Amendment, the rational-basis standard is the appropriate standard of judicial review") (citing *United States R.R. Retirement Bd. v. Fritz*, 449 U.S. 166, 176 (1980)), or how she could overcome the strong presumption of constitutionality that attaches to such statutes. *Califano v. Torres*, 435 U.S. 1, 5 (1978). Instead, Ms. Pereida focused her arguments on her belief that the law "need[s] to be revised to include both sexes male and female[,]" SAppx39, and her general contention that, notwithstanding the plain statutory language to the contrary, she is entitled to benefits under section 1815, *id.* at 38-44. The Veterans Court did not err, therefore, by not addressing the constitutionality of section 1815.

Moreover, we note, had Ms. Pereida articulated a facial constitutional challenge to section 1815 (as distinguished from an as-applied challenge), the Veterans Court

could not have decided it for an additional reason. *Compare* 38 U.S.C. § 7261 *with* 38 U.S.C. § 7292. Whereas this Court has "exclusive jurisdiction to review and decide any challenge *to the validity of any statute*[,]" 38 U.S.C. § 7292(c) (emphasis added), the Veterans Court can only "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary" as well as "hold unlawful and set aside decisions, findings . . . conclusions, rules, and regulations issued and adopted by the Secretary, the [board], or the Chairman of the Board[.]" 38 U.S.C. § 7261(1), (3); *see Taylor v. McDonough*, 71 F.4th 909, 942 (2023) (en banc) (stating that the Veterans Court is "statutorily authorized" to require VA to make an administrative determination without regard to statutory provisions that "are unconstitutional as applied"). Accordingly, if Ms. Pereida had articulated a developed facial challenge to section 1815's constitutionality, the Veterans Court could not decide it and thus did not fail to decide this issue correctly.

**5.      Are there other arguments you wish to make? If yes, what are the arguments?**

The Secretary has no further arguments to make. In her brief, Ms. Pereida specifically references a March 16, 2020 letter from the VA responding to her correspondence to the White House. Cl. Br. at 3-4; SAppx67. Ms. Pereida contends that "nowhere on" the letter "does it state the gender of the parent. It states verification of Agent Orange exposure for the parent." Cl. Br. at 4. However, the

letter was addressing the requirements to prevail on her spina bifida claim under section 1805, SAppx67 ("VA needs . . . [m]edical records . . . diagnosing spina bifida."), not section 1815, and made clear that it was not finally deciding any claim, SAppx67 ("[Y]our claim has been made 'ready for a decision.' You should receive your final notification letter soon."). The letter does not state any VA position that the plain language of section 1815 would not be applied to her claim for birth defects.

**6. What action do you want the Court to take in this case?**

The Court should dismiss this appeal because it does not have jurisdiction to consider Ms. Pereida's arguments. Ms. Pereida specifically argues that the law needs to be revised, requesting that this Court "[m]odify 38 U.S.C. Chapter 18, Subchapter II" or "bring a bill to Congress to include male Vietnam veterans." Cl. Br. at 5. However, this Court is not the appropriate body to revise the law. *Boyer v. West*, 210 F.3d 1351, 1356 (Fed. Cir. 2000) (noting that the "court can only interpret the statutes that are enacted by the Congress," and that "[a]ny changes that parties may seek in order to eliminate a statutory incongruity should be brought to the attention of Congress"). This Court is "simply powerless to amend any statutory provision *sua sponte*." *Id.* Ms. Pereida's desired remedy, as she admits, lies with Congress.

## CONCLUSION

For these reasons, the Secretary respectfully requests that the Court dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

PATRICIA M. McCARTHY
  *Director*

*/s/ Eric P. Bruskin*
ERIC P. BRUSKIN
  *Assistant Director*

Of Counsel

DEREK SCADDEN
  *Deputy Chief Counsel*

CARLING K. BENNETT
  *Attorney*
  *Department of Veterans Affairs*
  *810 Vermont Avenue, NW*
  *Washington, DC  20420*

*/s/ Brittney M. Welch*
BRITTNEY M. WELCH
  *Trial Attorney*
  *Commercial Litigation Branch*
  *Civil Division, U.S. Department of Justice*
  *P.O. Box 480, Ben Franklin Station*
  *Washington, DC 20044*
  *(202) 616-3753*
  *brittney.welch@usdoj.gov*

Attorneys for Respondent-Appellee

November 18, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *Brittney M. Welch*
Brittney M. Welch

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,951 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

/s/ *Brittney M. Welch*

# SUPPLEMENTAL APPENDIX

# INDEX TO SUPPLEMENTAL APPENDIX[*]

Document                                                                 Page

Order of the United States Court of Appeals for Veterans Claims,
   No. 22-6676, February 29, 2024……………………………………….SAppx1

Judgment of United States Court of Appeals for Veterans Claims,
   No. 22-6676, March 22, 2024…………………………………….…SAppx7

Docket Summary, United States Court of Appeals for Veterans Claims,
   No. 22-6676…………………………………………………………...SAppx8

Decision of the Board of Veterans Appeals, July 27, 2022…………………...SAppx12

Brief of Rebecca M. Pereida in No. 22-6676, June 16, 2023 ………………...SAppx36

Transcript of Hearing Before Board of Veterans Appeals, March 14, 2022….SAppx46

Decision Review Request: Board Appeal (Notice of Disagreement),
   April 17, 2020…………………………………………………….........SAppx58

Regional Office Decision Notification Letter, March 31, 2020,
   Rating Decision March 30, 2020…………………………………………...SAppx59

VA Response to Letter from Ms. Pereida to the White House,
   March 16, 2020……………………………………………………….SAppx67

Application for Benefits for Certain Children with Disabilities Born of Vietnam and
   Certain Korea Service Veterans, October 23, 2019………………………...SAppx68

---

[*] This appendix redacts personally identifying information, such as Social Security numbers, street addresses, personal telephone numbers, bank account information, and personal e-mail addresses. *See* Fed. Cir. R. 25(f); 5 U.S.C. § 552a.

*Designated for electronic publication only*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 22-6676

REBECCA M. PEREIDA, APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENBERG, *Judge*.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

GREENBERG, *Judge*: Rebecca M. Pereida, daughter of Vietnam War veteran Jose J. Pereida, pro se appeals a July 27, 2022, Board of Veterans' Appeals (Board) decision that denied entitlement to benefits (1) under 38 U.S.C. § 1805 for a child born with spina bifida, and (2) under 38 U.S.C. § 1815 for a child born with other covered defects. Record (R.) at 3-7. The appellant informally argues that (1) she suffers from several disabilities as a result of birth defects attributable to her father's exposure to Dioxin while serving in Vietnam; (2) 38 U.S.C. § 1815 is invalid because the statute is discriminatory; and (3) she suffers from dystonia, which is a neurological condition similar to spina bifida. Appellant's Informal Brief at 1-9; Appellant's Informal Reply Brief at 5. For the following reasons, the Court will affirm the July 2022 Board decision on appeal.

I.

The Veterans Administration was established in 1930 when Congress consolidated the Bureau of Pensions, the National Home for Disabled Volunteer Soldiers, and the U.S. Veterans' Bureau into one agency. Act of July 3, 1930, ch. 863, 46 Stat. 1016. This Court was created with the enactment of the Veterans' Judicial Review Act (VJRA) in 1988. *See* Pub. L. No. 100-687, §

SAppx1

402, 102 Stat. 4105, 4122 (1988). Before the VJRA, for nearly 60 years VA rules, regulations, and decisions lived in "splendid isolation," generally unconstrained by judicial review. *See Brown v. Gardner*, 513 U.S. 115, 122 (1994) (Souter, J.).

Yet, the creation of a special court solely for veterans is consistent with congressional intent as old as the Republic. Congress first sought judicial assistance in affording veterans relief when it adopted the Invalid Pensions Act of 1792, which provided "for the settlement of the claims of widows and orphans . . . and to regulate the claims to invalid pensions," for those injured during the Revolutionary War. Act of Mar. 23, 1792, ch. 11, 1 U.S. Stat 243 (1792) (repealed in part and amended by Act of Feb. 28, 1793, ch. 17, 1 Stat. 324 (1793)). The act, though magnanimous, curtailed the power of the judiciary, by providing the Secretary of War the ability to withhold favorable determinations to claimants by circuit courts if the Secretary believed that the circuit court had erred in favor of the soldier based on "suspected imposition or mistake." *See id.*

Chief Justice John Jay[1] wrote a letter[2] to President George Washington on behalf of the Circuit Court for the District of New York[3] acknowledging that "the objects of this act are exceedingly benevolent, and do real honor to the humanity and justice of Congress." *See Hayburn's Case*, 2 U.S. (2 Dall.) 409, 410 n., 1 L. Ed. 436 (1792). Jay also noted that "judges desire to manifest, on all proper occasions and in every proper manner their high respect for the national legislature." *Id.*

---

[1] John Jay served as the first Secretary of State of the United States on an interim basis. II DAVID G. SAVAGE, GUIDE TO THE U.S. SUPREME COURT 872 (4th ed. 2004). Although a large contributor to early U.S. foreign policy, Jay turned down the opportunity to assume this position full time. *Id.* at 872, 916. Instead, he accepted a nomination from President Washington to become the first Chief Justice of the Supreme Court on the day the position was created by the Judiciary Act of 1789. *Id.* Jay resigned his position in 1795 to become the second Governor of New York. *Id.* He was nominated to become Chief Justice of the Supreme Court again in December 1800, but he declined the appointment.

[2] The Supreme Court never decided *Hayburn's Case*. *See* 2 U.S. (2 Dall.) 409, 409 (1792). The case was held over under advisement until the Court's next session and Congress adopted the Invalid Pensions Act of 1793, which required the Secretary of War, in conjunction with the Attorney General, to "take such measures as may be necessary to obtain an adjudication of the Supreme Court of the United States." Act of Feb. 28, 1793, ch. 17, 1 Stat. 324 (1793). *Hayburn's Case* has often been cited as an example of judicial restraint, *see, e.g.*, *Tutun v. United States*, 270 U.S. 568 (1926), but Supreme Court historian Maeva Marcus has argued persuasively to the contrary. *See* Maeva Marcus & Robert Teir, *Hayburn's Case: A Misinterpretation of Precedent*, 1988 WIS. L. REV. 527. After all, Jay's letter included by Dallas, the Court Reporter, in a note accompanying the decision to hold the matter under advisement, is nothing more than an advisory opinion that compelled Congress to change the law in order to make the judiciary the final voice on the review of a Revolutionary War veteran's right to pension benefits. *See Hayburn's Case*, 2 U.S. (2 Dall.) 409, 410 n.

[3] At this time, each Justice of the Supreme Court also served on circuit courts, a practice known as circuit riding. *See* RICHARD H. FALLON, JR., ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM (7th ed. 2015).

2

SAppx2

This desire to effect congressional intent favorable to veterans has echoed throughout the Supreme Court's decisions on matters that emanated from our Court. *See Shinseki v. Sanders*, 556 U.S. 396, 416, 129 S. Ct. 1696, 1709 (2009) (Souter, J., dissenting) ("Given Congress's understandable decision to place a thumb on the scale in the veteran's favor in the course of administrative and judicial review of VA decisions"); s*ee also Henderson v. Shinseki*, 562 U.S. 428, 440, 131 S. Ct. 1197, 1205 (2011) (declaring that congressional solicitude for veterans is plainly reflected in "the singular characteristics of the review scheme that Congress created for the adjudication of veterans' benefits claims," and emphasizing that the provision "was enacted as part of the VJRA [because] that legislation was decidedly favorable to the veteran"). In the words of Justice Paterson, "[j]udges may die, and courts be at an end; but justice still lives, and, though she may sleep for a while, will eventually awake, and must be satisfied." *Penhallow v. Doane's Adm'r*, 3 U.S. 54, 79 (1795).

## II.

Justice Alito[4] observed in *Henderson v. Shinseki* that our Court's scope of review is "similar to that of an Article III court reviewing agency action under the Administrative Procedure Act, 5 U.S.C. § 706." 562 U.S. at 432 n.2 (2011); *see* 38 U.S.C. § 7261. "The Court may hear cases by judges sitting alone or in panels, as determined pursuant to procedures established by the Court." 38 U.S.C. § 7254. The statutory command that a single judge[5] may issue a binding decision is "unambiguous, unequivocal, and unlimited," *see Conroy v. Aniskoff*, 507 U.S. 511, 514 (1993). The Court's practice of treating panel decisions as "precedential" is unnecessary, particularly since the Court's adoption of class action litigation. *See Wolfe v. Wilkie*, 32 Vet.App. 1 (2019) (order), *rev'd sub nom. Wolfe v. McDonough*, 28 F.4th 1348 (Fed. Cir. 2022). We cite these decisions from our Court merely for their guidance and persuasive value.

---

[4] Justice Alito was born in Trenton, New Jersey. SUPREME COURT OF THE UNITED STATES, https://www.supremecourt.gov/about/biographies.aspx (last visited Mar. 4, 2020). He began his career as a law clerk, then became assistant U.S. attorney for the district of New Jersey before assuming multiple positions at the Department of Justice. *Id.* He then became a U.S. attorney for the district of New Jersey. *Id.* Before his nomination for the Supreme Court, he spent 16 years as a judge on the U.S. Court of Appeals for the Third Circuit. *Id.* In 2005, President George W. Bush chose Alito to replace retiring Supreme Court Justice Sandra Day O'Connor. *Id.*

[5] From 1989 to 1993, West (the publisher of this Court's decisions) published this Court's single-judge decisions in tables in hard-bound volumes of West's *Veterans Appeals Reporter*. Since 1993, West has published this Court's single-judge decisions electronically only. I believe the Court should publish all its decisions in print form. *See, e.g.*, *Passaic Cty. Bar Ass'n v. Hughes*, 401 U.S. 1003 (1971).

3

III.

The veteran served on active duty in the U.S. Marine Corps from August 1958 to August 1968 as a general warehouseman, including service in Vietnam. R. at 218-19 (DD Forms 214). The veteran earned many medals and commendations for his service, including a Vietnam Service Medal with 1 star and a Vietnam Campaign Medal with device. R. at 219.

IV.

In March 2016, the appellant was diagnosed with dystonia. R. at 616.

In October 2019, the appellant filed for benefits as a child with disabilities born of a Vietnam veteran for the following conditions: (1) spinocerebellar ataxia, (2) dystonia, (3) migraine headaches, (4) fibromyalgia, (5) diabetes mellitus, type 2, (6) panic disorder with agoraphobia, (7) degenerative joint disease (DJD) of the lower back, and (8) "spinonsitia." R. at 523-24. VA acknowledged receipt of the appellant's claims, characterizing the claims as "spina bifida (myelomeningocele/Meningocele) and/or birth defects claimed as spinocerebellar ataxia, dystonia, migraine headaches, fibromyalgia, type II diabetes myelitis, panic disorder with agoraphobia, DJD lower back and spinonsitia." R. at 482.

In November 2019, the appellant submitted medical records listing her health conditions. R. at 452-57, 438-45. Spina bifida is not listed as a medical condition.

In March 2020, the RO denied service connection for (1) benefits under 38 U.S.C. § 1805 for a child born with spina bifida and (2) benefits under 38 U.S.C. § 1815 for a child born with birth defects. R. at 177-80.

In March 2022, the appellant testified before the Board that she has never been diagnosed with spina bifida, R. at 21, and her mother is not a Vietnam War veteran. R. at 22.

V.

In July 2022, the Board denied entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida. R. at 5-7. The Board noted that 38 U.S.C. § 1805 provides for benefits for "individual[s] with spina bifida whose biological father or mother served in Vietnam, the Korean demilitarized zone (DMZ), or Thailand." R. at 5. However, the Board concluded that there was no legal basis upon which benefits could be granted because the appellant does not have a diagnosis of spina bifida. R. at 7.

4

SAppx4

The Board also denied entitlement to benefits under 38 U.S.C. § 1815 for a child born with birth defects other than spina bifida. R. at 4-5. The Board noted that the appellant's father had active duty service in Vietnam, R. at 4, but the Board concluded that entitlement to benefits under 38 U.S.C. § 1815 was not warranted because the appellant's "mother is not a Vietnam, Thailand, or Korea Veteran, and the appellant does not contend otherwise. Therefore, she does not qualify for benefits for birth defects other than spina bifida." R. at 5. This appeal ensued.

## VI.

"Each decision of the Board shall include . . . a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented in the record." 38 U.S.C. § 7104(d)(1). This statement of reasons or bases serves not only to help a claimant understand what has been decided, but also to ensure that VA decisionmakers do not exercise "naked and arbitrary power" in deciding entitlement to disability benefits. *See Yick Wo v. Hopkins*, 118 U.S. 356, 366 (1886) (Matthews, J.).

## VII.

The appellant has failed to persuade the Court that the Board clearly erred in denying (1) entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida, and (2) entitlement to benefits under 38 U.S.C. § 1815 for a child born with birth defects other than spina bifida. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (finding that the appellant bears the burden of persuasion on appeals to this Court), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000); *see also Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990) (holding that the Board's findings of fact are reviewed under the "clearly erroneous" standard of review). The Board noted that the appellant's father had active duty service in Vietnam, R. at 4, but the Board determined that benefits could not be awarded under 38 U.S.C. § 1805 because the appellant does not have a diagnosis of spina bifida. R. at 7. The Court discerns no clear error in this determination. *See Gilbert*, 1 Vet.App. at 53. Although the appellant argues that she suffers from dystonia and this condition is similar to spina bifida, Appellant's Informal Brief at 5, section 1805 requires a diagnosis of spina bifida to be awarded benefits and is a statutory bar to the appellant's claim. 38 U.S.C. § 1805(a) ("The Secretary shall pay a monthly allowance under this section to any child of a Vietnam veteran for any disability resulting from spina bifida suffered by such child.").

5

The Board also determined that entitlement to benefits under 38 U.S.C. § 1815 for a child born with birth defects other than spina bifida was not warranted because the appellant's "mother is not a Vietnam, Thailand, or Korea Veteran, and the appellant does not contend otherwise." R. at 5. The Court discerns no clear error in this determination. *See Gilbert*, 1 Vet.App. at 53. The appellant argues that (1) she suffers from several disabilities as a result of birth defects attributable to her father's exposure to Dioxin while serving in Vietnam, and (2) 38 U.S.C. § 1815 is discriminatory because it only considers children of women Vietnam veterans, Appellant's Informal Brief at 1-9; yet sections 1815 and 1812 are statutory bars to benefits. Section 1812 provides that VA "shall identify the birth defects of children of women Vietnam veterans." 38 U.S.C. § 1812. Section 1815 states that VA "shall pay a monthly allowance to any eligible child for any disability resulting from the covered birth defects of that child." 38 U.S.C. § 1815. While the Court is sympathetic to the appellant's situation and troubles, the law is clear as to which claimants are entitled to benefits under sections 1805 and 1815. Accordingly, the Court is left with no choice but to affirm the Board's denial of benefits (1) under 38 U.S.C. § 1805 for a child born with spina bifida, and (2) under 38 U.S.C. § 1815 for a child born with other covered birth defects, because the Board provided an adequate statement of reasons or bases for its determination and the Board's determination is not clearly erroneous. *See* 38 U.S.C. § 7104(d)(1); *see also Hicks v. Brown*, 8 Vet.App. 417, 422 (1995) (Court reviews Board's rating decisions for clear error).

VIII.

For the foregoing reasons, the July 27, 2022, Board decision is AFFIRMED.

DATED: February 29, 2024

Copies to:

Rebecca M. Pereida

VA General Counsel (027)

6

SAppx6

*Not Published*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No: 22-6676

Rebecca M. Pereida, Appellant,

v.

Denis McDonough,
Secretary of Veterans Affairs, Appellee.

### JUDGMENT

The Court has issued a decision in this case, and has acted on a motion under Rule 35 of the Court's Rules of Practice and Procedure.

Under Rule 36, judgment is entered and effective this date.

Dated: March 22, 2024

FOR THE COURT:

TIFFANY M. WAGNER
Clerk of the Court

By: /s/ Brooke Bragunier
Deputy Clerk

Copies to:

Rebecca M. Pereida

VA General Counsel (027)

SAppx7

# [22-6676, Rebecca M. Pereida v. Denis McDonough](#)

US Court of Appeals for Veterans Claims - Washington DC

Court of Appeals for Veterans Claims

**This case was retrieved on 11/04/2024**

## Header

**Case Number:** 22-6676
**Date Filed:** 11/15/2022
**Date Full Case Retrieved:** 11/04/2024
**Status:** Open
**Misc:** (2) NOA - Veterans Appeal; Appeals

## Summary

**Docketed Date**: 11/15/2022
**Fee Status**: fee paid

## Participants

| **Litigants** | **Attorneys** |
|---|---|
| Rebecca M. Pereida<br>**Appellant** | Rebecca M. Pereida<br>Appellant<br>Attorney to be Noticed ████████████ San Antonio, TX 78221 |
| Denis McDonough, Secretary of Veterans Affairs<br>**Appellee** | Mark Leventhal, Esq.<br>Appellee<br>Direct: 202-632-4382 Counsel Of Records Lead Attorney Attorney to be Noticed Firm: 202-632-4382 Department of Veterans Affairs, OGC (027) 810 Vermont Avenue, N.W. Washington, DC 20420 |
| | Catherine A. Chase, Esq.<br>Appellee<br>Direct: 202-632-4312 Counsel Of Records Attorney to be Noticed Firm: 202-632-4312 Department of Veterans Affairs, OGC (027) 810 Vermont Ave. Washington, DC 20420 |
| | OGC-ICM6<br>Appellee<br>Direct: 202-632-6952 Counsel Of Records Attorney to be Noticed Department of Veterans Affairs, OGC (027) 810 Vermont Avenue, N.W. Washington, DC 20420 |

## Additional Information

**Additional Information**
Last Docket Entry
Originating Case
Appeal From

# Proceedings

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 06/28/2024 | | RECEIVED: Notice of Docketing from the U.S. Court of Appeals for the Federal Circuit dated 6/28/2024; 24-2018 (BB) | |
| 06/27/2024 | | Appellant's Notice of Appeal transmitted to U.S. Court of Appeals for the Federal Circuit (BB) | |
| 06/14/2024 | | RECEIVED: U.S. Court of Appeals for the Federal Circuit motion and declaration for leave to proceed in forma pauperis (BB) | |
| 05/23/2024 | | Letter regarding the U.S. Court of Appeals for the Federal Circuit filing fee $600 (BB) | |
| 05/20/2024 | | Appellant's Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (COS 5/23/2024) (BB) | |
| 03/22/2024 | | Judgment (BB) | |
| 03/22/2024 | | Judge's stamp order denying motion for reconsideration. (GREENBERG) (BB) | |
| 03/19/2024 | | Motion of Appellant for reconsideration (COS 3/20/2024) (BB) | |
| 02/29/2024 | | Memorandum Decision that the Board decision is affirmed (GREENBERG) (BB) | |
| 12/08/2023 | | Assigned case to Judge Greenberg (SEY) | |
| 12/07/2023 | | Ordered that the November 15, 2023 stay is lifted (BB) | |
| 11/16/2023 | | Response by Appellee to court order - final (CAC) | |
| 11/15/2023 | | ORDERED that the motion is held in abeyance. The Secretary shall advise the Court, within 15 days after the date of this order, and every 15 days thereafter, what action the Department - including the responsible VA regional office(s) - has taken to resolve the dispute. If the parties reach an impasse, the Secretary shall notify the Court. These proceedings are stayed until further order of the Court. (TMW) (BB) | |
| 11/06/2023 | | Appellant's response disputing the Record of Proceeding (COS 11/7/2023)--[Edited 11/07/2023 by BB] (BB) | |
| 10/24/2023 | | Record of Proceedings (ML) | |
| 10/16/2023 | | Appellant's Informal Reply Brief - COS: 10/16/23 (AF) | |
| 10/02/2023 | | Appellee's Brief (tm) (ML) | |
| 08/01/2023 | | Appellant's Informal Brief - COS 8/2/2023 (SM) | |

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 06/27/2023 | | Notice to file Appellant's Brief w/in 60 days (BB) | |
| 06/26/2023 | | The Veteran's Consortium Pro Bono Program's Response Regarding Rule 33 Pre-Briefing Conference (CLS) | |
| 06/21/2023 | | Returned materials - 6-13 "Motion to Dispute RBA" and 6-16 Correspondence - Represented Appellant. (MAB) | |
| 06/21/2023 | | Ordered that the April 20, 2023 notice to file brief is revoked--[Edited 06/21/2023 by BB] (BB) | |
| 06/16/2023 | | RECEIVED: Correspondence from appellant (represented appellant) (SM) | |
| 06/13/2023 | | RECEIVED: Motion to dispute RBA (represented appellant)--[Edited 06/20/2023 by BB] (BB) | |
| 05/31/2023 | | Retainer Agreement (CLS) | |
| 05/31/2023 | | Appearance of Courtney L Smith for Rebecca M. Pereida, in case 22-6676 as lead counsel (CLS) | |
| 04/20/2023 | | REVOKED PER 6/21/2023 COURT ORDER Notice to file Appellant's Brief w/in 60 days--[Edited 06/21/2023 by BB] (TM) | |
| 03/22/2023 | | Notice or other pleading by Appellee resp. to RBA dispute (CAC) | |
| 03/22/2023 | | Appearance of Catherine A Chase for Denis McDonough, in case 22-6676 as co-counsel (CAC) | |
| 03/20/2023 | | ORDERED that the motion is granted. The appellant is treated as self-represented until a qualified representative enters an appearance. The Court does not appoint counsel. It is further ORDERED that the appellant may file a response to the Record Before the Agency by April 19, 2023. (CPS) (TM) | |
| 03/20/2023 | | Clerk's stamp order granting appellant's motion to extend time to respond to the Record Before the Agency until 4/19/2023. (TM) | |
| 03/19/2023 | | Motion of Appellant to dispute the RBA (COS 3/20/2023) (TM) | |
| 03/19/2023 | | Motion of Appellant (Maxwell D. Kinman) to withdraw as counsel (MDK) | |
| 03/19/2023 | | Motion of Appellant to extend time to respond to the Record Before the Agency. 04/19/2023 (MDK) | |
| 02/15/2023 | | Fee Agreement (MDK) | |

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 02/15/2023 | | Appearance of Maxwell D Kinman for Rebecca M. Pereida, in case 22-6676 as lead counsel (MDK) | |
| 02/03/2023 | | Clerk's stamp order granting motion to dispute the RBA until 3/20/2023 (BB) | |
| 02/03/2023 | | Motion of Appellant to extend time to file RBA response (COS 2/3/2023)--[Edited 02/03/2023 by BB] (BB) | |
| 01/17/2023 | | Record Before the Agency notice (ALH) (O) | |
| 12/12/2022 | | Appearance of Mark Leventhal for Denis McDonough, in case 22-6676 as lead counsel (ML) | |
| 12/08/2022 | | Copy of BVA Decision (O) | |
| 12/08/2022 | | BVA Decision transmittal (O) | |
| 11/23/2022 | | (p) USCAVC filing fee $50 from Appellant (ALH) | |
| 11/15/2022 | | Notice of Docketing for BVA's decision w/in 30 days; RBA w/in 60 days; Filing Fee or Dec of Financial Hardship w/in 14 days (ALH) | |
| 11/15/2022 | | Notice of Appeal (ALH) | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**



# BOARD OF VETERANS' APPEALS

FOR THE SECRETARY OF VETERANS AFFAIRS

IN THE APPEAL OF
    **REBECCA M. PEREIDA**
IN THE CASE OF
    **JOSE J. PEREIDA**

Docket No. 200418-83442

**Advanced on the Docket**

DATE: July 27, 2022

## ORDER

Entitlement to benefits, under 38 U.S.C. §§ 1815 for a child born with other covered defects, is denied.

Entitlement to benefits, under 38 U.S.C. §§ 1805 for a child born with spina bifida, is denied.

## FINDINGS OF FACT

1. The appellant's mother is not a Vietnam, Thailand, or Korea Veteran.

2. The appellant does not have a diagnosis of spina bifida.

## CONCLUSIONS OF LAW

1. The criteria for establishing benefits, under the provisions of 38 U.S.C. §§ 1815, for a child whose mother is a Vietnam, Thailand, or Korea Veteran and who was born with covered birth defects, have not been met. 38 U.S.C. §§ 1811, 1812, 1815; 38 C.F.R. § 3.815.

2. The criteria for establishing benefits, under the provisions of 38 U.S.C. §§ 1805, for a child born with spina bifida, have not been met. 38 U.S.C. §§ 1802, 1805; 38 C.F.R. § 3.814.

IN THE APPEAL OF
    REBECCA M. PEREIDA
IN THE CASE OF
    **JOSE J. PEREIDA**

Docket No. 200418-83442

**Advanced on the Docket**

## REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from August 1958 to August 1962 and from September 1962 to August 1968, with service in the Republic of Vietnam (RVM). The Veteran died in early 1995, and the appellant is the Veteran's surviving daughter.

The appellant requested review of the appeal under the Appeals Modernization Act (AMA) Hearing Lane. The undersigned held the hearing in March 2022, and a transcript is in the Veteran's electronic record.

After review of the record, the Board has determined the following:

Entitlement to benefits, under 38 U.S.C. §§ 1815 for a child born with other covered birth defects, will be denied because the appellant's mother is not a Vietnam, Thailand, or Korea Veteran.

Entitlement to benefits, under 38 U.S.C. §§ 1805 for a child born with spina bifida, will be denied because the appellant does not have a diagnosis of spina bifida.

**1. Entitlement to benefits, under 38 U.S.C. §§ 1815 for a child born with other covered defects, is denied.**

The appellant contends that she is entitled to benefits, under 38 U.S.C. §§ 1815 for birth defects other than spina bifida.

For the following reasons, entitlement to benefits, under 38 U.S.C. §§ 1815, is not warranted, and the claim is denied.

To qualify for a monthly allowance for birth defects other than spina bifida, the appellant must show that his or her mother is a Vietnam, Korea, or Thailand Veteran. 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815.

The term "Vietnam Veteran" means a person who performed active military service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, without regard to the characterization of the person's

IN THE APPEAL OF
    REBECCA M. PEREIDA
IN THE CASE OF
    **JOSE J. PEREIDA**

Docket No. 200418-83442
**Advanced on the Docket**

service. Service in the Republic of Vietnam includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 C.F.R. § 3.814(c)(1). Service in the Republic of Vietnam also includes service within the 12 nautical mile territorial sea of Vietnam. 38 U.S.C. § 1116A; *Procopio v. Wilkie*, 913 F.3d 1371 (Fed. Cir. 2019) (*en banc*).

The appellant's mother is not a Vietnam, Thailand, or Korea Veteran, and the appellant does not contend otherwise. Therefore, she does not qualify for benefits for birth defects other than spina bifida. *See* 38 U.S.C. §§ 1811, 1812, 1815; 38 C.F.R. § 3.815.

As the appellant's mother is not a Vietnam, Thailand, or Korea Veteran, there is no legal basis upon which to grant benefits for a birth defect other than spina bifida. Although the appellant believes that she is entitled to benefits, under 38 U.S.C. §§ 1815 for her birth defects other than spina bifida, the law is dispositive of the issue on appeal, and the claim must be denied because of the absence of legal merit or entitlement under the law. *See Sabonis v. Brown*, 6 Vet. App. 426 (1994).

**2. Entitlement to benefits, under 38 U.S.C. §§ 1805 for a child born with spina bifida, is denied.**

The appellant contends that she is entitled to benefits, under 38 U.S.C. §§ 1805 for spina bifida.

For the following reasons, entitlement to benefits, under 38 U.S.C. §§ 1805, is not warranted, and the claim is denied.

VA will provide certain benefits for an individual with spina bifida whose biological father or mother served in Vietnam, the Korean demilitarized zone (DMZ), or Thailand. *See* 38 U.S.C. §§ 1802, 1805, 1821, 1822; 38 C.F.R. § 3.814. Spina bifida means "any form and manifestation of spina bifida except spina bifida occulta." 38 U.S.C. § 1802; 38 C.F.R. § 3.814(c)(4). The term "spina bifida" refers to a defective closure of the bony encasement of the spinal cord but does not

IN THE APPEAL OF
    REBECCA M. PEREIDA                    Docket No. 200418-83442
IN THE CASE OF                           **Advanced on the Docket**
    **JOSE J. PEREIDA**

include other neural tube defects such as encephalocele and anencephaly. VAOPGCPREC 5-99; but *see Jones v. Principi*, 16 Vet. App. 219 (2002).

Spina bifida is the only birth defect which warrants an award of monetary benefits based on the herbicide agent exposure of a Vietnam, Korea, or Thailand Veteran who is the father of the child at issue. *See Jones*, 16 Vet. App. at 219.

The appellant's biological father is a Vietnam Veteran with service in the RVN. *See* 38 C.F.R. § 3.814(c)(1); 38 U.S.C. § 1116A; and *see Procopio*, 913 F.3d at 1371. As noted above, the appellant's mother is not a Vietnam, Thailand, or Korean Veteran.

The record shows that the appellant has multiple diagnoses, to include spinocerebellar ataxia, dystonia, fibromyalgia, diabetes, and panic disorder. However, the record does not show a diagnosis of spina bifida, and the appellant does not contend that she has spina bifida. As the appellant does not have a diagnosis of spina bifida, she does not meet the criteria for benefits under 38 U.S.C. §§ 1805.

In cases where the appellant's father is a Vietnam, Korea, or Thailand Veteran, benefits may be granted only for spina bifida, other than spina bifida occulta. The law does not provide flexibility in this case.

(CONTINUED ON THE NEXT PAGE.)

IN THE APPEAL OF
    REBECCA M. PEREIDA              Docket No. 200418-83442
IN THE CASE OF
    **JOSE J. PEREIDA**              **Advanced on the Docket**

In conclusion, although the appellant believes that she is entitled to benefits, under 38 U.S.C. §§ 1805 for a child born with spina bifida, she does not have a diagnosis of spina bifida. Thus, there is no legal basis upon which to grant benefits. The law is dispositive of the issue on appeal, and the claim must be denied because of the absence of legal merit or entitlement under the law. *See Sabonis*, 6 Vet. App. at 426.

Vito A. Clementi
Veterans Law Judge
Board of Veterans' Appeals

Attorney for the Board              Timothy T. Emmart

*The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.*

# Rebecca M Pereida

███████████ San Antonio, Tx 78221 ██████████
rpereida33@gmail.com

June 16, 2023

U.S. Court of Appeals for Veterans Claims          Rebecca M. Pereida
Clerk                                                                  VS
625 Indiana Avenue, NW Suite 900              Denis McDonough
Washington, DC 20004-2950

## Dear U.S. Court of Appeals for Veterans Claims

I, Rebecca M Pereida, biological daughter of Jose J. Pereida, refer to pages 181, 389, and 394 of the Record Before the Agency (RBA) as evidence, have always known I was different from a very early age.  I have cried myself to sleep or done without sleep, daily.  I was diagnosed with congenital talipes equinovarus also known as clubfoot.  You may refer to page 572 the Record Before the Agency (RBA), as evidence of diagnosing congenital talipes equinovarus. Due to this diagnosis, I have suffered tremendously.

Along with congenital talipes equinovarus I was diagnosis with Meckel's diverticulum.  Meckel's diverticulum is the most common congenital abnormality of the gastrointestinal tract.  Which caused me to have severe abdominal pain throughout childhood and adolescence, until surgery was performed on February 14, 1995.  You may refer to pages 444 and 739 of the Record Before the Agency (RBA), as evidence of acquired absence of parts of the

digestive tract.

I suffer from numerous diseases and disorders, refer to pages 438 through 457 of the Record Before the Agency, that started in utero from within the womb (uterus) due to Gestational exposure to 2,3,7,8-tetrachlordibenzo-p-doxin (TCDD). TCDD is a known endocrine disruptor that promotes transgenerational inheritance. There have been several studies, including the one done by the lead scientist from Brook Air Force Dr Richard Albanese, that provided evidence of transgenerational effects on female reproductive health as well as birth defects in offspring. Refer to page 27 of the Record Before the Agency (RBA).

These effects include endometriosis, polycystic ovarian syndrome and menstrual disorders. I have been diagnosed with endometriosis, polycystic ovarian syndrome, and Uterine fibroid removed through hysterectomy. I have suffered excruciating pain because of my biological father exposure to this dioxin. You can refer to pages 439, 444, 454, 455, and 739 of the Record Before the Agency (RBA) as evidence. Due to his exposure to TCDD an effect called transgenerational (also called ancestral exposure) has occurred.

Although pregnancy outcome is considered tightly related to a woman's health, the father also substantially contributes to the pregnancy outcome and fetal health. Paternal exposure to TCDD leads to alterations in the placental epigenome that are associated with placental dysfunction and impaired fetal development. As ancestral toxicant exposure cannot be modified.

However, The United States Department of Veterans Affairs fail to be held accountable. Under 38 U.S.C. chapter 18 subchapter II Congenital talipes equinovarus (clubfoot) is

one of the covered birth defects for children of Women Vietnam Veterans, which warrants an award of monetary benefits.  Refer to page 492 of the Record Before the Agency (RBA).   Estimates from Veterans Administration show 7,500 Female Vietnam Veterans served between August 1964 through May 7, 1975, of whom 6,250 were nurses.  Female military personnel who served in Vietnam likely experienced low herbicide (Agent orange) exposure because they were not involved in herbicides or engaged in direct combat.

Whereas 2,594,000 males Vietnam Veterans served during that same time. The United States Department of Veterans Affairs has enough statistical analysis to conclude that toxicant exposure (TCDD) can clearly influence sperm quality in men.  According to data obtained through the National Institute of Environmental Health Science it further indicates that exposures also impair placental function, potentially leading to preterm birth and other adverse outcomes (birth defects).  These changes have been linked to epigenetic alteration within the male germ cell which can then be transmitted across multiple generations.   The United States Department of Veterans Affairs fail to use the data obtain.   Data that has been obtained from grants issued under the NIH funded by The Department of Defense.

Instead, The United States Department of Veterans Affairs is using the data obtained and are excluding all Male Vietnam Veterans from covered birth defects.  Excluding them from the same law Female Vietnam Veterans are covered under 38 U.S.C. chapter 18 subchapter II for birth defect. Refer to page 491 of the Record Before the Agency (RBA).  Excluding males from the same law is not only injustice, Its sexist, prejudice, and sex discrimination.  By only

covering female Vietnam Veterans it implies that only woman's health contributes to the pregnancy outcome and fetal health. According to data it has been proved otherwise.

The law under 38 U.S.C. chapter 18 subchapter II need to be revised to include both sexes male and female. To include biological father or biological mother is or was a Vietnam Veteran for covered benefits for birth defects. **Refer to page 491 of the Record Before the Agency (RBA).** Entitlement to benefits, under 38 U.S.C. chapter 18 subchapter II for a child born with other covered birth defects, need to be awarded to offspring of whose biological **father or biological** mother is or was a Vietnam Veteran.

According to the Director M. Renaye Murphy by Direction of the VA's Under Secretary for benefits, three criteria must be met with all Chapter 18 claims. The Department of Veterans Affairs (VA) needs the following three criteria to grant benefits. 1. Verification of Agent Orange exposure for the parent. 2. Birth certificate of the child claiming Chapter 18 benefits. 3. Medical records going back as far as possible, preferably from birth diagnosing spina bifida.

Regarding my Chapter 18 claims all three criteria have been met. Verification of Agent Orange exposure for the parent. It was proven that my father served in the Republic of Vietnam from March 23, to March 21, 1966, and from May 8, 1968 to August 16, 1968, so Agent exposure has been conceded for my father. Refer to pages 181 through 183 of the Record Before the Agency (RBA) as evidence. As well the Department of Veterans Affairs (VA) received my birth certificate on November 20, 2019, showing my father as Jose J. Pereida. Refer to pages 181 and 389 of the Record Before

the Agency (RBA) as evidence. Along with sending numerous medical records, with the furthest medical record dated November 4,1974, to the Department of Veterans Affairs (VA). The medical record was from the Crippled Children Division with the attending Dr McMillan. Refer to page 572 of the Record Before the Agency (RBA) as evidence.

Why would I be classified as a crippled child at such an early age? The diagnosis of Congenital talipes equinovarus (clubfoot), one of the covered birth defects identified by the Department of Veterans Affairs (VA) as a birth defect that is associated with service of women Vietnam veteran in the Republic of Vietnam during the period beginning February 28, 1961, and ending on May 7, 1975, and that has resulted, or may result, in permanent physical or mental disability. Refer to page 492 of the Record Before the Agency as evidence. When female military personnel who served in Vietnam likely experienced low Agent orange exposure. Most of the women were not involved in herbicides or engaged in direct combat.

Whereas, my biological father Jose J, Pereida was in direct contact with Agent orange not only was he assigned twice to Da Nang, but he also handled this weaponized chemical every day. Refer to pages 181,183, and 343 of the Record Before the Agency (RBA) as evidence. This chemical is often considered the most toxic chemical known to science. Yet my father was exposed to this dioxin every day as his primary duty was General Warehouse man. General Warehouse man are responsible for ensuring any supplies or equipment that is needed, are stocked and available. These Marines keep track of inventory and supplies. Refer to pages 334,335, and 341 of the Record Before the Agency

(RBA).

Da Nang has been confirmed to have the highest levels of TCDD, the major chemical toxin in Agent orange. Levels of dioxin have found to be as much as 365,000 ppt TEQ, more than 365 times the Vietnamese standard for soil. Many of the male Vietnam Veterans who worked around these herbicides are suffering from illness such as, cancer, cardiovascular disease, diabetes mellitus type 2, hypertension, parkinsonism, other neurological diseases, and birth defects in their offspring.  Most of these diseases are known diseases or conditions on the Department of Veterans Affairs (VA) Presumptive conditions list for Agent orange exposure.  Which eventually led to their death.

As for my biological father Jose J, Pereida, he succumbed to death on March 14, 1995.  As noted on his death certificate, with a cause of death due to Hypertensive and Arteriosclerotic Cardiovascular disease.  He also suffered from diabetes mellitus type 2 and kidney failure.   Refer to pages 221,1337, and 1338 of The Record Before the Agency as evidence.  As stated on page 1338 of the Record Before the Agency (RBA) "The death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the primary or contributory cause of death."  "Service connection for the cause of veteran's death is granted since evidence shows that it was related to military service."

Yet the Department of Veterans Affairs (VA) wants to deny me monetary allowance under 38 U.S.C. chapter 18 subchapter II because he is my biological father and not biological mother, because he is a male rather than female. Which is discrimination on the grounds of sex.  It has already been established that pregnancy outcome is not just related

to a women's health, the father also substantially contributes to the pregnancy outcome and fetal health. Since Paternal exposure to TCDD leads to alterations in the placental epigenome that are associated with placental dysfunction and impaired fetal development. It has already been verified and conceded of Agent orange exposure for the parent. Refer to page 181 of the Record Before the Agency (RBA). Nowhere on that page does it state Maternal parent it clearly states parent for all chapter 18 claims.

Again, excluding all male Vietnam veterans under 38 U.S.C. chapter 18 subchapter II is Sex Discrimination. Under Title VII of the Civil Rights acts prohibits an employer from treating you differently, or less favorably, because of your sex, which is defined to include pregnancy, sexual orientation, and gender identity.

Growing evidence indicate that relatively high levels of Agent orange exposure increased risk of developing peripheral neuropathy either alone or as a co-factor complication of diabetes mellitus and likely contributed to the pathogenesis of CNS degenerative diseases as well as genetic mutations. Whereas in my case due to parental exposure to TCDD an effect called transgenerational inheritance (also called ancestral exposure) has occurred. I now suffer from many rare neurology disorders or neurological disease to include Adie's pupil, Dystonia, Myoclonus, and Migraines. Refer to page 443, and 444, 445, and 574 of the Record Before the Agency (RBA) as evidence.

I also suffer several auto immune disorders to include diabetes mellitus type 2, fibromyalgia, systemic lupus erythematosus, and Spinocerebellar ataxia type 42. Refer to pages 52, 53, 54, 440, 441, 445, and 468 of the Record Before the Agency (RBA) as evidence. Spinocerebellar ataxia type

42 is a rare inherited (autosomal dominant) neurological disease as well as a progressive, neurodegenerative, and heterogeneous disease.  Spinocerebellar ataxia type 42 is caused by CACNA1G gene mutation. Refer to pages 52, 53, 54, and 57 of the Record Before the Agency (RBA).  Yet no one is being held accountable for epigenetic alteration that occurred within the male germ cell which can then be transmitted across multiple generations.

In conclusion 38 U.S.C. chapter 18 subchapter II needs to be revised to include biological father not just biological mother for covered birth defects.   The Department of Veterans Affairs (VA) need to be held accountable for all birth defects, that is associated with service of men and women Vietnam veterans in the Republic of Vietnam.  As we all know we do not inherit all our genes from just our mother.  In fact, your genome is inherited from your parents, half from your mother and half from your father.  One copy is inherited from their mother (via the egg) and the other from their father (via the sperm).  As I stated previously in my hearing before the Board of Veterans' Appeals refer to page 23 of the Record Before the Agency (RBA) as evidence.

Under 38 U.S.C. chapter 18 subchapter I for an individual suffering from spina bifida whose biological fathers or biological mothers is or was a Vietnam veteran both sex whether male or female qualify for monetary allowance.  Why is there such a discrepancy between 38 U.S.C. chapter 18 subchapter I and 38 U.S.C. chapter 18 subchapter II?  All birth defects need to be handled with the same accountability.   It has already been proven that father substantially contributes to the pregnancy outcome and fetal health.  Also, Paternal exposure to TCDD leads to alterations in the placental epigenome that are associated

with placental dysfunction and impaired fetal development (birth defects).  As ancestral toxicant exposure cannot be modified.

The Department of Veterans Affairs (VA) needs to use the data they have collected and not ignore these findings. The law under 38 U.S.C. chapter 18 subchapter II need to reflect these findings.  Otherwise, its Discrimination against women by implying birth defects are only related to a women health.  Which data has proven to be false.

Sincerely,


/s/ Rebecca M Pereida
        Rebecca M Pereida, Appellant
            CVA Docket# 22-6676


"While I thought I was learning how to live,
I have been learning how to die." – Leonardo da Vinci

TRANSCRIPT OF HEARING

BEFORE

BOARD OF VETERANS' APPEALS

WASHINGTON, D.C.  20420

Sitting at  Houston, Texas

| | | |
|---|---|---|
| IN THE APPEAL OF | : | PEREIDA, Jose<br>24357131C |
| DATE | : | March 14, 2022 |
| REPRESENTED BY | : | |
| MEMBER OF BOARD | : | Vito Clementi, Judge |
| WITNESSES | : | Rebecca Pereida, Witness<br>Maria Pereida, Witness |

JUDGE: My name is Vito Clementi and I'm a veterans law judge. I'm holding a hearing before the Board of Veterans' Appeals in case number, 24357131. This is the case of Rebecca Pereida based upon the service of Jose Pereida.

Ms. Pereida is seeking compensation benefits for spina bifida and for other disabilities claimed to have been caused by herbicides of her father's service.

(OATH ADMINISTERED)

JUDGE: Okay. Thank you. Now, Ms. Pereida, you are seeking benefits for your spina bifida. I read your dad's record and I understand that your dad passed away several years ago and your mom, Maria Pereida, also died. You're shaking your head no.

MS. R. PEREIDA: My --

JUDGE: Maria --

MS. R. PEREIDA: -- mom's still living.

JUDGE: Oh, your --

MS. R. PEREIDA: She's --

JUDGE: -- mom's --

MS. R. PEREIDA: -- still --

JUDGE: -- still --

MS. R. PEREIDA:  -- living.

JUDGE:  Okay.

MS. M. PEREIDA:  I'm right here.

MS. R. PEREIDA:  She's right --

JUDGE:  Oh --

MS. R. PEREIDA:  -- here.

JUDGE:  -- okay.

MS. R. PEREIDA:  Just my father passed in --

JUDGE:  Oh --

MS. R. PEREIDA:  -- '95.

JUDGE:  -- I'm sorry.  Okay.  Oh, that's right.  That's right.  Your mother, your mother tried to get benefits before.

MS. R. PEREIDA:  Yes.

JUDGE:  Okay.  I was confused.  I was confused.  I'm sorry.

MS. R. PEREIDA:  Yeah.  She's --

JUDGE:  So --

MS. R. PEREIDA:  -- on, she's on the survivor's benefits.

JUDGE:  Oh, okay.  Good.  I'm very glad to hear that.  So, Ms. Pereida, Rebecca Pereida -- I'll give you a minute, yeah, you know, I looked at, I looked at the law and in order for you to get benefits for spina bifida, you have to have a diagnosis of spina bifida.

Are you -- and the Regional Office advised me that you do not have a diagnosis of spina bifida that would qualify for that benefit.  Are you diagnosed with spina bifida?

MS. R. PEREIDA:  No.  No.

JUDGE:  You're not.

MS. R. PEREIDA:  No.

JUDGE:  Okay.

MS. R. PEREIDA:  No.  I'm, I'm diagnosed as having spinocerebellar ataxia fortitude --

JUDGE:  Right.

MS. R. PEREIDA:  -- which is a gene mutation --

JUDGE:  And --

MS. R. PEREIDA:  -- with --

JUDGE:  -- is --

MS. R. PEREIDA:  -- defective --

JUDGE:  -- it --

MS. R. PEREIDA:  -- DNA, with defective DNA repair.

JUDGE:  Okay.  And you --

MS. R. PEREIDA:  It, it --

JUDGE:  -- and you also have dystonia and fibromyalgia and diabetes and panic disorder.  Is your mother -- was your mother a Vietnam Veteran -- is she a Vietnam Veteran?

MS. R. PEREIDA:  No --

JUDGE:  No.

MS. M. PEREIDA:  No.

MS. R. PEREIDA:  -- sir.

JUDGE:  She's not.  Okay.  Do you understand, ma'am, that the law's very restrictive here in terms of what kinds or benefits you can get.  In order for you to get benefits for spina bifida, you have to have a diagnosis for spina bifida.

It's very limited.  In order to get benefits for other defects, birth defects, in certain cases, your mother has to be a veteran -- a Vietnam veteran.  Do you understand that, ma'am?

MS. R. PEREIDA:  I understand that but do you understand that, do you understand that you're getting one gene from your father and one gene from your mother and my inheritance patterns have both the genetic mutation in their DNA?

And that means I have it because I have the dominant and that my father gave to me because of the Agent Orange.  You don't just get a gene from one parent.  You get a gene from both of your parents, one from your father and one from your mother.

And the gene that is carried is dominant.  It, it is inherited and it, it is given on the -- I believe the X chromosome.  The father gives it to the daughter through the X chromosome, I believe.

JUDGE:  Yes, ma'am.

MS. R. PEREIDA:  And so, if someone can explain the genetics of it and, and see why my mom has it too then I could understand she has to be a veteran, veteran.  But she was exposed to Agent Orange as well because why does she have it on her DNA.

JUDGE:  Well --

MS. R. PEREIDA:  Why --

JUDGE:  -- I --

MS. R. PEREIDA:  -- does --

JUDGE:  -- can't --

MS. R. PEREIDA:  -- she --

JUDGE:  -- I --

MS. R. PEREIDA:  -- have --

JUDGE:  -- can't --

MS. R. PEREIDA:  -- the same symptoms as me.

JUDGE:  Well, well --

MS. R. PEREIDA:  So, if I have this genetic mutation on both genes then how can you say it didn't come from my father unless you exhume it and you see the dominant, the dominant gene, which is the one for spinocerebellar ataxia.

JUDGE:  Well, I can't tell you --

MS. R. PEREIDA:  The --

JUDGE:  -- I can't tell you -- so, I can't tell you why or why not.  What I can tell you though, that Congress has limited, limited benefits to certain types of disorders and diseases.  And, you know, if your -- if you don't have spina bifida, you know, and your mom is not a veteran, within the meaning of the law as we describe to you within the rating decisions, you don't generally qualify for the benefit.

I understand too that you, you feel very strongly about this but you have a period of --

MS. R. PEREIDA:  I'm --

JUDGE:  -- 90 --

MS. R. PEREIDA:  -- positive --

JUDGE:  -- days --

MS. R. PEREIDA:  -- I'm positive about this.  I don't -- my genetic -- my DNA genetic testing is a blueprint of who I am and it doesn't give false positives.

JUDGE:  Yes.  Well, if you'd like, you can have a period of 90 days -- you have a period of 90 days to give me any kind of medical evidence that explains that, if you haven't already done so.

MS. R. PEREIDA:  I've already done that.

JUDGE:  Okay.  Okay.

MS. R. PEREIDA:  I submitted the paperwork with the diagnosis saying defective DNA repair.  That means that my diagnosis of spinocerebellar ataxia was caused by defective DNA --

JUDGE:  Okay.

MS. R. PEREIDA:  -- bottom line, not by anything else, not by brain injury, not by any other ataxias.

JUDGE:  Okay.

MS. M. PEREIDA:  The testing --

MS. R. PEREIDA:  And, and the doctor's not going to run a STAT on my labs at the genetic testing if it didn't come up with anything.  There would be no reason for him to put a stat and they put a stat on it, it.  And, and I'm just getting, I'm just getting worse.

JUDGE:  Yes, ma'am.

MS. R. PEREIDA:  So, yeah, you all need to make changes in Congress.  Especially, when you already know caused, caused central nervous system -- you already know this.  You already know that it causes central nervous system disorders, neurological disorders.

And yet, you all just let us believe that we're just crazy.  That's not right.  You all need to be held accountable.

JUDGE:  I'm not, I'm not suggesting that at all.

MS. R. PEREIDA:  Something --

JUDGE:  I'm --

MS. R. PEREIDA:  -- needs --

JUDGE:  -- not --

MS. R. PEREIDA:  -- to --

JUDGE:  -- suggesting --

MS. R. PEREIDA:  -- be --

JUDGE:  -- that --

MS. R. PEREIDA:  -- done --

JUDGE:  -- at --

MS. R. PEREIDA:  -- sir.

JUDGE:  -- all.

MS. R. PEREIDA:  Something needs to be done, sir, something needs to be done, sir, because I'm suffering, I'm suffering here with no help from the government and it is not right because you all knew.  You all knew that before you even sprayed it in the 1960s.

Y'all knew because there was research done in the United Kingdom that it causes central nervous system.  There were even scientists.  Y'all stopped scientists from Brooks Air Force Base that notified y'all.

And his name is Dr. Richard Albanese.  He was a top, he was a top scientist that did the research at Brooks Air Force Base and he told y'all that it causes neurological -- and the top officials, I guess, from the Pentagon stopped him.

But he reported it, he reported it a couple of years ago that y'all had the research.  Y'all have had the research since the 80s.  Y'all had it.  All the, all the hospitals that you give grants to that study Agent Orange, University Hospital and Baylor Medical and Mayo Clinic.

All you have the date.  You have the data.  Why are --

JUDGE:  Okay.

MS. R. PEREIDA:  -- we still being -- why are we still suffering?  Why are we still having to fight, even when we're sick?

JUDGE:  Well, well, what I will do, I will look carefully at what you've submitted and if I need to do more development, if I need to ask more questions, I will certainly do that.  But I understand your contentions.

You understand the difficulties that I have with the law being restrictive the way that it is apparently.

MS. R. PEREIDA:  So, when is it all going to change?

JUDGE:  I, I --

MS. R. PEREIDA:  When is the law going to change and not just cover for y'all?

JUDGE:  I, I don't know, ma'am.  I do know that they look at these things but I, I can't tell you anything about when the law's going to change, if the law has changed.  I just don't know.  All I got is what's in front of me.

And what you've put in front of me, apparently, in your record is that information.  So, I will look hard at it and I will give you an answer as soon as I can.

MS. R. PEREIDA:  Yes, sir.  Thank you for your time.

JUDGE:  Thank you, ma'am.  I appreciate it.  If there's nothing else, I will close the hearing. Thank you.  Have a good day.

MS. R. PEREIDA:  Yes, sir.

JUDGE:  Bye-bye.

MS. R. PEREIDA:  Goodbye.

(HEARING ADJOURNED)

OMB Approved No. 2900-0674
Respondent Burden: 30 Minutes
Expiration Date: Feb. 28, 2022

**VA** Department of Veterans Affairs | **DECISION REVIEW REQUEST: BOARD APPEAL (NOTICE OF DISAGREEMENT)**

## PART I - PERSONAL INFORMATION

1. VETERAN'S NAME (First, middle initial, last)

Jose  J  Pereida

| 2. VETERAN'S SOCIAL SECURITY | 3. VETERAN'S VA FILE NUMBER (if different from SSN) | 4. VETERAN'S DATE OF BIRTH |
|---|---|---|
| | C/CSS - | |

5. IF I AM NOT THE VETERAN, MY NAME IS (First, middle initial, last)   | 6. MY DATE OF BIRTH (If I am not the Veteran)

Rebecca  M  Pereida

7. MY PREFERRED MAILING ADDRESS (Number and street or rural route, P.O. Box, City, State, ZIP Code and Country)    ☐ I AM HOMELESS

San Antonio, Tx 78221

| 8. MY PREFERRED TELEPHONE NUMBER (Include Area Code) | 9. MY PREFERRED E-MAIL ADDRESS | 10. MY REPRESENTATIVE'S NAME |
|---|---|---|
| | rpereida@gmail.com | |

## PART II - BOARD REVIEW OPTION (Check only one)

11. A Veterans Law Judge will consider your appeal in the order in which it is received, depending on which of the following review options you select. (For additional explanation of your options, please see the attached information and instructions.)

☐ 11A. Direct Review by a Veterans Law Judge: I do not want a Board hearing, and will not submit any additional evidence in support of my appeal. (Choosing this option often results in the Board issuing its decision most quickly.)

☐ 11B. Evidence Submission Reviewed by a Veterans Law Judge: I have additional evidence in support of my appeal that I will provide within the next 90 days, but I do not want a Board hearing. (Choosing this option may add delay to issuance of a Board decision.)

☑ 11C. Hearing with a Veterans Law Judge: I want a Board hearing and the opportunity to submit additional evidence in support of my appeal that I will provide within 90 days after my hearing. (Choosing this option may add delay to issuance of a Board decision.)

## PART III - SPECIFIC ISSUE(S) TO BE APPEALED TO A VETERANS LAW JUDGE AT THE BOARD

12. Please list each issue decided by VA that you would like to appeal. Please refer to your decision notice(s) for a list of adjudicated issues. For each issue, please identify the date of VA's decision and the area of disagreement.

☐ Check here if you attached additional sheets. Include the Veteran's last name and last 4-digits of the Social Security number.

Check the SOC/SSOC Opt In box if any issue listed below is being withdrawn from the legacy appeals process. ☐ Opt In from SOC/SSOC

| A. Specific Issue(s) | B. Date of Decision |
|---|---|
| Entitlement to benefits under 38 U.S.C 1815, 38 C.F.R. 3815, for a child born with birth defects | 3/30/2020 |
| | |
| | |
| | |
| | |
| | |

## PART IV - CERTIFICATION AND SIGNATURE

I CERTIFY THAT THE STATEMENTS ON THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

| 13. SIGNATURE (Appellant or appointed representative) (Ink signature) | 14. DATE SIGNED |
|---|---|
| Rebecca Pereida | 4/17/2020 |

VA FORM **10182** FEB 2019    PENALTY: THE LAW PROVIDES SEVERE PENALTIES WHICH INCLUDE A FINE, IMPRISONMENT, OR BOTH, FOR THE WILLFUL SUBMISSION OF ANY STATEMENT OR EVIDENCE OF A MATERIAL FACT, KNOWING IT TO BE FALSE.

SAppx58



March 31, 2020


REBECCA M. PEREIDA                                          Refer to: 339/SO/MO
▮▮▮▮▮▮▮▮▮▮▮▮▮                                                    SB: ▮▮▮▮▮▮▮
SAN ANTONIO, TX 78221                                  Pereida, Rebecca M.



**Dear Ms. Pereida:**

We made a decision on your claim for spina bifida (myelomenigocele/Meningocele) and/or birth defects entitlement claimed as spinocerebellar ataxia, dystonia, migraine headaches, fibromyalgia, diabetes mellitus type II, panic disorder with agoraphobia, DJD lower back, and spinonsitia received on October 23, 2019.

This letter tells you what we decided.  It includes a copy of our rating decision that gives the evidence used, a detailed explanation of our decision, the evidence considered, and the reasons for our decision. We have also included information about what to do if you disagree with our decision, and who to contact if you have questions or need assistance.


**What We Decided**

Entitlement to benefits under 38 U.S.C. 1805, 38 CFR 3.814, for a child born with **spina bifida** whose **father** had service in the Republic of Vietnam or on the Korean DMZ, or mother who had service in the Republic of Vietnam is **denied.**

- Vietnam service has been conceded for your father, Jose J. Pereida, under 38 U.S.C. 1805, 38 CFR 3.814.

- There is no medical evidence of record to show that the claimant has a diagnosis of spina bifida (neural tube defect).

- Under 38 CFR 3.814 if the father is the only Veteran, the only allowable benefit under the law for the children of Vietnam Veterans is **spina bifida.**

We have **administratively denied** your claim under 38 U.S.C. 1815, 38 CFR 3.815 for **birth defects** because we received the following evidence:

- On your VA Form 21-0304, Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans, **you** indicated your biological mother, Mary Pereida, does not/did not have qualifying military service in Vietnam.

**Evidence Used to Administratively Deny Birth Defects**

- VA Form 21-0304 Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans received October 23, 2019

- 5103/VCAA Notice dated November 8, 2019

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision. Your Rating Decision and this letter constitute our decision based on your claim received on October 23, 2019. It represents all claims we understood to be specifically made, implied, or inferred in that claim.

**What You Should Do If You Disagree With Our Decision**

If you do not agree with our decision, you have one year from the date of this letter to select a review option in order to protect your initial filing date for effective purposes. You must file your request on the required application from for a review option desired. The table below represents the review options and their respective required application forms.

| Required Application Form | Required Application Form |
|---|---|
| **Supplemental Claim** | VA Form 20-0995, *Decision Review Request: Supplemental Claim* |
| **Higher-Level Review** | VA Form 20-0996, *Decision Review Request: Higher-Level Review* |
| **Appeal to the Board of Veteran's Appeals** | VA Form 10182, *Decision Review Request: Board Appeal (Notice of Disagreement)* |

*Please note:* You **may not** request a higher-level review of a higher-level review decision issued by VA.

The enclosed VA Form 20-0998, *Your Rights To Seek Further Review Of Our Decision*, explains your options in greater detail and provides instructions on how to request further review. You may download a copy of any of the required application forms noted above by visiting


www.va.gov/vaforms/ or you may contact us by telephone at 1-800-827-1000 and we will mail you any form you need.

You can visit www.va.gov/decision-reviews to learn more about how the disagreement process works.

## What is eBenefits?

eBenefits provides electronic resources in a self-service environment to Service members, Veterans, and their families. Use of these resources often help us serve you faster! Through the eBenefits website you can:

- Submit claims for benefits and/or upload documents directly to the VA
- Request to add or change your dependents
- Update your contact and direct deposit information and view payment history
- Request a Veterans Service Officer to represent you
- Obtain verification of your military service, civil service preference, or VA benefits
- And much more!

Enrolling in eBenefits is easy. Just visit www.eBenefits.va.gov for more information. If you submit a claim in the future, consider filing through eBenefits. Filing electronically, especially if you participate in our fully developed claim program, may result in faster decision than if you submit your claim through the mail.

## If You Have Questions or Need Assistance

If you would like to obtain or access evidence used in making this decision, please contact us by telephone, email, or letter as noted below letting us know what you would like to obtain. Some evidence may be obtained online by visiting eBenefits.va.gov.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 303-914-2900. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. |
| Use the Internet | Send electronic inquiries to the following email: BDEFECTS.VBADEN@va.gov |
| Write | VA now uses a centralized mail system. For all written communications, put your full name and VA file number on the letter. Please mail or fax all written correspondence to the appropriate address listed on the attached *Where to Send Your Written Correspondence*. |

In all cases, be sure to refer to your VA file number ███████

If you are looking for general information about benefits and eligibility, you should visit our website at https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.custhelp.va.gov, or you can call us at 1-800-827-1000.

We have no record of you appointing a service organization or representative to assist you with your claim.  You can contact us for a listing of the recognized veterans' service organizations and/or representatives.  Veterans' service organizations, which are recognized or approved to provide services to the veteran community, can also help you with any questions.

Sincerely yours,

RO Director
VA Regional Office

Enclosure(s): VA Form 20-0998, *Your Rights To Seek Further Review Of Our Decision*
                     Where to Send Your Written Correspondence
                     Rating Decision

## ISSUE:

Entitlement to benefits under 38 U.S.C. 1805, 38 C.F.R. 3.814, for a child born with spina bifida.
Entitlement to benefits under 38 U.S.C. 1815, 38 C.F.R. 3.815, for a child born with birth defects.

## EVIDENCE:

- VA Form 21-0304, Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans, received on October 23, 2019.
- Medical receipts – multiple providers, submitted by claimant, received April 7, 2019
- Private treatment records – multiple providers, submitted by claimant, received April 8, 2019
- Medical receipt – San Antonio EMS, received August 29, 2019 – dated April 14, 2019
- Private treatment records – multiple providers, submitted by claimant, received August 29, 2019
- Social Security Administration records, submitted by claimant, received August 29, 2019
- Private treatment records – multiple providers, submitted by claimant, received October 23, 2019
- VCAA/Duty to Assist letter, Denver VA Regional Office, dated November 8, 2019
- Private treatment records – multiple providers, submitted by claimant, received November 20, 2019
- Claimant's birth certificate, born December 24, 1972, father Jose J. Pereida
- Service personnel records for claimant's father, Jose Pereida, confirming service in Vietnam, for the period of April 1965 to March 1966.

## DECISION:

Entitlement to benefits under 38 U.S.C. 1805, 38 C.F.R. 3.814, for a child born with spina bifida is denied.
Entitlement to benefits under 38 U.S.C. 1815, 38 C.F.R. 3.815, for a child born with birth defects is denied.

## REASONS AND BASES:

Formal claim for entitlement to benefits under 38 U.S.C. 1805 was received on October 23, 2019. The claim for benefits identifies the disabilities of spinocerebellar ataxia, dystonia, migraine headaches, diabetes mellitus type 2, lower back degenerative joint disease, spinonsitia, and mental disabilities of panic disorder with agoraphobia. The evidence shows the claimant's father served in Vietnam. The Veteran's service records document participation in combat operations in Vietnam from March 1965 to March 1966. The claimant's birth certificate shows the claimant's date of birth is after the father's Vietnam service and that the claimant is the child of the veteran.

Regulation 38 CFR 3.814 defines a Vietnam Veteran as "an individual who performed active military, naval, or air service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, without regard to the characterization of the individual's service. Service in the Republic of Vietnam includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam."

Regulation 38 CFR 3.815 refers to benefits allowable for an individual with disability from covered birth defects whose biological mother is or was a Vietnam Veteran.

**Spina bifida (neural tube defect)** is defined, for VA purposes, as a split or open spine; it results from a failure of the spine to close properly during the first month of pregnancy. Associated with the abnormal development of the spinal column, there may be abnormal development of the spinal cord within. In severe cases, the spinal cord protrudes through the back. Surgery to close the newborn's back is generally performed within 24 hours after birth to minimize the risk of infection and to preserve existing function in the spinal cord. The term spina bifida refers to a defective closure of the bony encasement of the spinal cord but does not include other neural tube defects, such as encephalocele and anencephaly (VAOPGCPREC 05-99). (NOTE: *The only birth defect allowable for benefits under the law for the children of male Vietnam Veterans and Veterans with covered service in Korea or Thailand is spina bifida*.) Dorland's Illustrated Medical Dictionary, 27th Edition, defines spina bifida as a developmental anomaly characterized by defective closure of the bony encasement of the spinal cord, through which the cord and meninges may or may not protrude.

Private treatment records document medical conditions including migraine, anxiety, fibromyalgia, endometriosis, colitis, paroxysmal dystonia, stress incontinence/overactive bladder, gastroenteritis, major depressive disorder, panic disorder with agoraphobia.

*ANALYSIS*: VA shall pay a monthly allowance under 38 U.S.C. 1805 to or for a child born with spina bifida who is the natural child of a Vietnam Veteran, a Veteran with service in the eligible offshore waters of Vietnam, or a Veteran with covered service in Korea or Thailand. Section 421 of Public Law (PL) 104-204 and 38 CFR 3.814 authorizes VA to provide a monthly monetary allowance to children born with all forms and manifestations of spina bifida, except spina bifida occulta, who are the natural children of Vietnam Veterans.

The claimant has diagnoses to include migraine, anxiety, fibromyalgia, endometriosis, colitis, paroxysmal dystonia, stress incontinence/overactive bladder, gastroenteritis, major depressive disorder, panic disorder with agoraphobia. The claim is for spinocerebellar ataxia, dystonia, migraine headaches, diabetes mellitus type 2, lower back degenerative joint disease, spinonsitia, and mental disabilities of panic disorder with agoraphobia. NOTE: *The only birth defect allowable for benefits under the law for the children of male Vietnam Veterans, male Veterans with service in the eligible offshore waters of Vietnam, and male Veterans with covered service in Korea or Thailand is spina bifida*. Entitlement to benefits under 38 U.S.C. 1805 for a child born with spina bifida is denied because there is no evidence of spina bifida (neural tube defect) from birth with surgical intervention and neurological residuals. Additionally, the claimed disabilities are not compensable for children of male Vietnam Veterans.

VA shall pay a monthly allowance under 38 U.S.C. 1815 to or for a child born with covered birth defects who is the natural child of a female Vietnam Veteran. Public Law (PL) 106-419 and 38 CFR 3.815 authorized VA to provide a month monetary allowance to children born with covered birth defects, who are the natural children of Vietnam Veterans. Entitlement to benefits under 38 U.S.C. 1815 for a child born

| **Rating Decision** | *Department of Veterans Affairs*<br>*Denver Regional Office* | Page 3<br>03/30/2020 |
| --- | --- | --- |

| NAME OF CLAIMANT<br>PEREIDA, Rebecca M | VA FILE NUMBER<br>24357131 | SOCIAL SECURITY NR | POA<br>N/A |
| --- | --- | --- | --- |

with birth defects is denied because there is no evidence that the claimant's mother had qualifying service in Vietnam.

### *FAVORABLE FINDINGS:*

- The Veteran served in Vietnam from March 1965 to March 1966.
- The claimant was born December 24, 1972 after the Veteran had covered service in Vietnam.

| NAME OF CLAIMANT | VA FILE NUMBER | SOCIAL SECURITY NR | | POA |
|---|---|---|---|---|
| PEREIDA, Rebecca M | 24357131 | ███████ | | N/A |

| ACTIVE DUTY *(Month/Day/Year)* | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM *(Month/Year)* |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | |
| | | | | | | | |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

JURISDICTION:  410;1 38 CFR 3.814; PL 104-204 (Spina Bifida), 38 CFR 3.815; PL 106-419 (Birth Defects)

Spina bifida benefits denied

03 – No spina bifida condition

Chapter 18 benefits are denied for:  spinocerebellar ataxia, dystonia, migraine headaches, diabetes mellitus type 2, lower back degenerative joint disease, spinonsitia, and mental disabilities of panic disorder with agoraphobia

No Vietnam service for mother of claimant

eSign: certified by_____
  ADJRJORG, RVSR – TEAM 1



DEPARTMENT OF VETERANS AFFAIRS
Regional Office Congressional Unit
PO Box 25126, 155 Van Gordon Street
Denver, CO 80026

MAR 1 6 2020

Rebecca Pereida-Valdez

█████████████

San Antonio, TX 78221

In Reply Refer To:     339/21MA/KCE

█████████████

PEREIDA-VALDEZ,
Rebecca

Ms. Pereida-Valdez:

This office has been asked to respond to your correspondence to the White House dated March 4, 2020, concerning your Department of Veterans Affairs (VA) claim for benefits under U.S.C Chapter 18. Your inquiry was forwarded to this office on March 5, 2020, because the Denver VA Regional Office has jurisdiction on processing Chapter 18 claims for the Nation.

You have a pending claim for Spinocerebellar Ataxia, Dystonia, Migraine Headaches, Fibromyalgia, Type II Diabetes, Panic Disorder with Agoraphobia, Degenerative Joint Disease Lower Back and Spinonsitia due to your father's exposure to Agent Orange received October 23, 2019.

With all Chapter 18 claims, VA needs the following to grant this benefit.

1. Verification of Agent Orange exposure for the parent. We show your father served in the Republic of Vietnam from March 23, 1965 to March 21, 1966 and from May 8, 1968 to August 16, 1968, so Agent Orange exposure has been conceded for your father.

2. Birth certificate of the child claiming Chapter 18 benefits. Your birth certificate was received on December 12, 2019, showing your father as Jose J. Pereida.

3. Medical records going back as far as possible, preferably from birth diagnosing spina bifida. Medical records were received on November 20, 2019, which will be reviewed when rendering a decision on your claim.

A review of your claim file was completed, and your claim has been made "ready for a decision." You should receive your final notification letter soon.

We hope this information is of assistance to you. If you have any questions, you may contact the VA National Call Center at 800-827-1000.

Sincerely yours,

M. Renaye Murphy
Director

By Direction of the
Under Secretary for Benefits

SAppx67

OMB Approved 2900-0572
Respondent Burden: 10 minutes
Expiration Date: 06/30/2019

## Department of Veterans Affairs

# APPLICATION FOR BENEFITS FOR CERTAIN CHILDREN WITH DISABILITIES BORN OF VIETNAM AND CERTAIN KOREA SERVICE VETERANS

**Privacy Act Notice:** The VA will not disclose information collected on this form to any source other than what has been authorized under the Privacy Act of 1974 or Title 5, Code of Federal Regulations 1.526 for routine uses (i.e., civil or criminal law enforcement, congressional communications, epidemiological or research studies, the collection of money owed to the United States, litigation in which the United States is a party or has an interest, the administration of VA programs and delivery of VA benefits, verification of identity and status, and personnel administration) as identified in the VA system of records, 58VA21/22 Compensation, Pension, Education, and Rehabilitation Records - VA, and published in the Federal Register. Your obligation to respond is required to obtain or retain benefits. Giving us your SSN account information is mandatory. Applicants are required to provide their SSN under Title 38 USC 5101 (c) (1). The VA will not deny an individual benefits for refusing to provide his or her SSN unless the disclosure of the SSN is required by Federal Statute of law in effect prior to January 1, 1975, and still in effect. Information that you furnish may be utilized in computer matching programs with other Federal or state agencies for the purpose of determining your eligibility to receive VA benefits, as well as to collect any amount owed to the United States by virtue of your participation in any benefit program administered by the Department of Veterans Affairs.

**Respondent Burden:** We need this information to determine eligibility for benefits for children with certain disabilities who are born of Vietnam veterans and certain Korea Service veterans (38 U.S.C. chapter 18). Title 38, United States Code, allows us to ask for this information. We estimate that you will need an average of 10 minutes to review the instructions, find the information and complete this form. VA cannot conduct or sponsor a collection of information unless a valid OMB control number is displayed. You are not required to respond to a collection of information if this number is not displayed. Valid OMB control numbers can be located on the OMB Internet Page at www.reginfo.gov/public/do/PRAMain. If desired, you can call 1-800-827-1000 to get information on where to send comments or suggestions about this form.

NOTE - After completing the form mail to: VA Regional Office, Veterans Service Center (339/21), Box 25126, Denver, CO 80225

| 1. NAME OF CLAIMANT - CHILD *(First, middle, last)* | 2. SOCIAL SECURITY NUMBER OF CLAIMANT - CHILD *(If available)* |
|---|---|
| Rebecca m Pereida | |

| 3. CLAIMANT - CHILD'S DATE OF BIRTH | 4. CLAIMANT - CHILD'S PLACE OF BIRTH *(City and State)* |
|---|---|
| | San Antonio, TX |

**5. ADDRESS OF CLAIMANT - CHILD** *(Include number and street or rural route, city or P.O., State and ZIP Code)*

San Antonio, TX 78221-2729

**6. TELEPHONE NUMBER OF CLAIMANT - CHILD** *(Include Area Code)*
2103244136

### 7. NAME(S) OF NATURAL PARENT(S) *(Please provide information for both)*

| A. FATHER *(First, middle, last)* | B. MOTHER *(First, middle, last)* |
|---|---|
| Jose J Pereida (C-24357131) | Mary Pereida |

### 8. ADDRESS, TELEPHONE NUMBER AND VETERAN STATUS OF NATURAL PARENT(S)

| A. FATHER *(Include number and street or rural route, city or P.O., State and ZIP Code)* | B. MOTHER *(Include number and street or rural route, city or P.O., State and ZIP Code)* |
|---|---|
| Deceased | San Antonio, TX 78221-2729 |

| C. VIETNAM SERVICE? | D. VIETNAM SERVICE? |
|---|---|
| [X] YES  [ ] NO  *(If "Yes", provide dates in 8E)* | [ ] YES  [X] NO  *(If "Yes", provide dates in 8F)* |

| E. PLEASE PROVIDE THE DATES THAT CHILD'S FATHER WAS IN VIETNAM | | F. PLEASE PROVIDE THE DATES THAT CHILD'S MOTHER WAS IN VIETNAM | |
|---|---|---|---|
| FROM | TO | FROM | TO |
| 09/06/1962 | 08/28/1968 | N/A | N/A |

### 9. SOCIAL SECURITY NUMBER(S) OF NATURAL PARENT(S)

| A. FATHER | B. MOTHER |
|---|---|
| | |

### 10. VA CLAIM NUMBER(S) OF NATURAL PARENT(S) *(If veteran previously applied to VA for any benefit)*

| A. FATHER | B. MOTHER |
|---|---|
| C-24357131 | N/A |

VA FORM
JUN 2016  **21-0304**

SUPERSEDES VA FORM 21-0304, SEP 2006,
WHICH WILL NOT BE USED.

Page 1

VA RO DENVER3 MAIL ROOM #1 2019 OCT 23 A 10: 31

| 11. IF CHILD IS UNDER AGE 18 WHO HAS CUSTODY, IF OTHER THAN NATURAL PARENT? *(Complete Items 11A, 11B & 11C)* | | |
|---|---|---|
| A. NAME OF CUSTODIAN/GUARDIAN OF CLAIMANT-CHILD<br><br>Mary Curz Pereida<br>(mother) | B. RELATIONSHIP TO CHILD<br>☐ ADOPTIVE PARENT ☐ GUARDIAN<br>☒ OTHER *(Specify)* Biological | C. ADDRESS OF CUSTODIAN/GUARDIAN OF CLAIMANT-CHILD<br><br>███████ ████████<br>San Antonio, TX 78221-2729 |

| 12A. IF CLAIMANT-CHILD IS AGE 18 OR OLDER HAS THE CLAIMANT-CHILD BEEN DECLARED INCOMPETENT? |
|---|
| ☐ YES ☐ NO *(If "Yes", complete Items 12B and 12C)* |

| 12B. NAME AND ADDRESS OF THE COURT WHICH MADE THE FINDING OF INCOMPETENCY? | 12C. NAME AND ADDRESS OF GUARDIAN |
|---|---|
| | |

**13. DISABILITIES CLAIMED**

Spinocerebellar Ataxia, Dystonia, Migraine Headaches, Fibromyalgia, Type II DM, Panic Disorder with Agroaphobia, DJD Lower Back, Spinonsitia

**14. NAME AND ADDRESS OF PRIMARY HEALTH CARE PROVIDER FOR THE CLAIMANT**

University Healthcare System San Antonio TX

| 15A. NAME AND PLACE FIRST DIAGNOSED<br><br>Spinocerebellar Ataxia | 15B. DATE FIRST DIAGNOSED<br><br>11/04/1974 |
|---|---|

| 16A. NAME(S) AND PLACE(S) OF MOST RECENT TREATMENT | 16B. DATE(S) OF TREATMENT |
|---|---|
| University Healthcare System San Antonio TX | 10/10/2019 |
| Baylor College of Medicine<br>7200 Cambridge St 9th floor<br>Houston TX 77030 | 10/2019 |
| | |
| | |

**DIRECT DEPOSIT INFORMATION**

The Department of Treasury requires all Federal benefit payments be made by electronic funds transfer (EFT), also called direct deposit. Please attach a voided personal check or deposit slip or provide the information requested below in **Items 17A, 17B and 17C** to enroll in direct deposit. If you do not have a bank account, you must receive your payment through Direct Express Debit MasterCard. To request a Direct Express Debit MasterCard you must apply at www.usdirectexpress.com or by telephone at 1-800-333-1795. If you elect not to enroll, you must contact representatives handling waiver requests for the Department of Treasury at 1-888-224-2950. They will encourage your participation in EFT and address any questions or concerns you may have.

| 17A. ACCOUNT NUMBER *(Please check the appropriate box and provide that account number, if applicable)* | | |
|---|---|---|
| ☐ CHECKING<br><br>*Account Number:* _____ | ☐ SAVINGS<br><br>*Account Number:* _____ | ☒ I CERTIFY THAT I DO NOT HAVE AN ACCOUNT WITH A FINANCIAL INSTITUTION OR CERTIFIED PAYMENT AGENT |

**17B. NAME OF FINANCIAL INSTITUTION** *(Please provide the name of the bank where you want your direct deposit)*

**17C. ROUTING OR TRANSIT NUMBER** *(The first nine numbers located at the bottom left of your check)*

I/We, the undersigned, hereby authorize the hospital or physician shown in Items 14, 15A and 16A to disclose and release to the Department of Veterans Affairs any information that may have been obtained in connection with the physical examination or treatment of the child.

| 18A. SIGNATURE(S) OF PARENT/GUARDIAN/ADULT CHILD | 18B. DATE SIGNED |
|---|---|
| | |

| 19A. SIGNATURE OF WITNESS *(Required)* | 19B. DATE SIGNED |
|---|---|
| | |

I/We, the undersigned, declare under penalty of perjury that the information provided is true and correct and that the child named in Item 1 is the natural child of the person(s) named in Item 7.

| 20A. SIGNATURE OF CHILD *(IF AN ADULT) OR PARENT OR GUARDIAN*<br><br>*Rebecca Pereida* | 20B. DATE SIGNED<br><br>10/17/2019 |
|---|---|
| 21A. SIGNATURE OF VIETNAM VETERAN PARENT *(IF AVAILABLE OR DIFFERENT)* | 21B. DATE SIGNED |