

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

January 13, 2025

2024-2018 - Pereida v. McDonough

# NOTICE OF NON-COMPLIANCE

The document (Appendix, Confidential Appendix) submitted by Rebecca Pereida is not in compliance with the rules of this court. Within <u>five business</u> days from the date of this notice, please submit a corrected version of this document correcting the following:

- A document that has been corrected must state "Corrected" in the title or on the cover. Fed. Cir. R. 25(i)(2).

- The document is titled "corrected" but was not filed with a Notice of Correction specifically delineating each change made to the document or motion for leave to correct. A Notice of Correction or Motion for leave is required. Fed. Cir. R. 25(i)(1).

- When a filing includes confidential information (other than personally identifiable information), two versions must be filed: one confidential and one nonconfidential. Fed. Cir. R. 25.1(e)(1).

  *Clerk's Note: Any document that is filed in two versions (non-confidential and confidential) must follow all requirements of Fed. Cir. R. 25.1. If the Appellant is trying to submit this Appendix under Fed. Cir. R. 30(e)(1), please note that this must be attached to the reply brief. A notice of correction is required to be filed if changes are being made to the reply brief at ECF [36] or the previously accepted appendix at [20].*

\* \* \*

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

When filing the corrected document, please include the word "Corrected" in the document title or on the cover. See Fed. Cir. R. 25(c)(4) and Fed. Cir. R. 25(i) for information concerning corrected filings.

A party's failure to timely file a corrected document curing all defects identified on this notice may result in the original document being stricken from the docket. An appellant's failure to cure a defective filing may also result in the dismissal of the appeal pursuant to Fed. R. App. P. 31(c).

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

By: G. Kilgore, Deputy Clerk