Official Caption

REBECCA M. PEREIDA,

Claimant-Appellant

v.

TODD HUNTER, Acting Secretary of Veterans Affairs,

Respondent-Appellee

Short Caption

Pereida v. Hunter

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

Corrected INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

**Case Number:** 24-2018

**Short Case Caption:** Pereida v. McDonough

**Petitioner/Appellant:** Rebecca M. Pereida

> **Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.
>
> You may attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you received a copy of the respondent/appellee's response brief?
   ☑ Yes   ☐ No

   **STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

   Request the Court to proceed with Case No. # 24-2018. The Secretary of Veterans Affair, states my case should be dismissed for lack of jurisdiction because it involves the straight forward application of law. The law is what is being questioned. 38 U.S.C. Chapter 18 subchapter II is discriminatory on the basis of sex. In my informal brief written to the Board of Veterans' Appeal I repeatedly argued that

2. Con't pent1

38 U.S.C. chapter 18 subchapter II is discriminatory on the basis of sex. "Excluding all males Vietnam Veterans under 38 U.S.C. Chapter 18 subchapter II is sex Discrimination" "Excluding male from the same law is not only injustice It's sexist, prejudice an sex discrimination" (Refer to page 9 of Brief of appellee.

The Secretary even agreed with me by stating "Be as it may! Saying Congress has limited the benefits allowable under 38 U.S Chapter 18 subchapter II. Though under the sponsored Congress woman Barbara Lee bill number H.R. 9977 Victims of Agent Orange Relief Act of 2024 was reintroduced from the original Bill H.R 326 Victims of Agent Orange Relief Act of 2019. On October 11, 20. the bill was reintroduced to the House and Referred to the Committee on Veterans Affairs.

2. Con't    part 2

Meanwhile the offspring of the 2.7 million male Vietnam Veteran have to suffer from numerous disorders and rare diseases. Caused by trans-generational exposure to Agent Orange. While the Veteran's Affair waits for Congress to amend 38 U.S.C. chapter 18 sub chapter II. Congress woman Barbara Lee is trying to get HR 997 passed along with 12 cosponso

Yet here we are fighting to make things right and remediate the ongoing problems caused by Agent Orange.. Veterans affairs still stating remedy lies with Congress. Refer to page 10 of the brief of the appellee

3. Are there other arguments you wish to make?   ☑Yes   ☐ No
   If yes, please state them.



Agent Orange is a known endocrine
disruptor that promotes trans-
generational inheritance. Yet
Under 38 U.S.C. Chapter 18 Subchaptr
II only the offspring of 7,500 female
Vietnam Veterans are covered. While
the offsprings of 2.7 million Male
Vietnam Veterans are not covered
When in fact we get our genes from bot'

Date: Jan. 6, 2025.   Signature: /s/ Helen Pench

Name: Rebecca M. Pireide

3. Con't

Our parents. The government is
clearly sexist. To imply we get
our disabilities / birth defects
from only our mothers.

# IN THE UNITED STATES COURT
# OF APPEALS FOR VETERANS CLAIMS

**REBECCA M. PEREIDA,**

Appellant,

v.

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,

Appellee.

## ON APPEAL FROM THE
## BOARD OF VETERANS' APPEALS

## BRIEF OF THE APPELLEE
## SECRETARY OF VETERANS AFFAIRS

**RICHARD J. HIPOLIT**
Deputy General Counsel for
Veterans Programs

**MARY ANN FLYNN**
Chief Counsel

**CHRISTOPHER W. WALLACE**
Deputy Chief Counsel

**MARK R. LEVENTHAL**
Appellate Attorney
Office of the General Counsel (027G)
U.S. Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, DC 20420
(202) 632-4382
mark.leventhal@va.gov

Attorneys for Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

I. ISSUES PRESENTED ............................................................. 1

II. STATEMENT OF THE CASE ...................................................... 1

    A.    Jurisdictional Statement ............................................. 1

    B.    Nature of the Case .................................................. 2

    C.    Statement of Relevant Facts ....................................... 2

III. SUMMARY OF ARGUMENT .................................................... 4

IV. ARGUMENT ..................................................................... 5

    A. Standard Of Review ..................................................... 5

    B. The Court Should Affirm The Board's Denial Of Entitlement To Benefits Under 38 U.S.C. § 1815 For A Child Born With Certain Birth Defects Because Appellant's Mother Is Not A Vietnam Veteran, And, Therefore, Appellant Is Not An Eligible Child Under 38 U.S.C. § 1815 ..................................................... 7

        1. Legal Standard .................................................. 7

        2. Analysis ......................................................... 8

    C. The Court Should Affirm The Board's Denial Of Entitlement To Benefits Under 38 U.S.C. § 1805 For A Child Born With Spina Bifida Because Appellant Does Not Have A Diagnosis Of Spina Bifida, And, Therefore, Appellant Is Not An Eligible Child Under 38 U.S.C. § 1805 ......................................................... 11

        1. Legal Standard .................................................. 11

        2. Analysis ......................................................... 11

    D. Appellant Has Abandoned All Issues Not Argued In Her Brief ................................................................... 13

**V. CONCLUSION** ...... 13

## TABLE OF AUTHORITIES

### Cases

*Allday v. Brown*, 7 Vet.App. 517 (1995)......8,12
*Berger v. Brown*, 10 Vet.App. 166 (1997)......6
*Boyer v. West*, 210 F.3d 1351 (Fed. Cir. 2000)......10
*Butts v. Brown*, 5 Vet.App. 532 (1993) (en banc)......5
*Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984)......10
*Coker v. Nicholson*, 19 Vet.App. 439 (2006)......6
*Crippen v. Brown*, 9 Vet.App. 412 (1996)......10
*Degmetich v. Brown*, 8 Vet.App. 208 (1995)......13
*De Perez v. Derwinski*, 2 Vet.App. 85 (1992)......5
*Disabled Am. Veterans v. Gober*, 234 F.3d 682 (Fed. Cir. 2000)......13
*Evans v. West*, 12 Vet.App. 22 (1998)......7
*Hilkert v. West*, 12 Vet.App. 145 (1999) (en banc)......6,11,13
*Hodges v. West*, 13 Vet.App. 287 (2000)......13
*Lamb v. Peake*, 22 Vet.App. 227 (2008)......6
*Parks v. Shinseki*, 716 F.3d 581 (Fed. Cir. 2013)......6
*Pratt v. Nicholson*, 20 Vet.App. 252 (2006)......11
*Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001)......5
*Sabonis v. Brown*, 6 Vet. App. 426 (1994)......8,12
*Szemraj v. Principi*, 357 F.3d 1370 (Fed. Cir. 2004)......5
*Valiao v. Principi*, 17 Vet.App. 229 (2003)......6
*Waters v. Shinseki*, 601 F.3d 1274 (Fed. Cir. 2010)......6

### Statutes

38 U.S.C. Chapter 18, Subchapter I......11
38 U.S.C. Chapter 18, Subchapter II......7,9,10
38 U.S.C. § 1802......11
38 U.S.C. § 1805......*passim*
38 U.S.C. § 1811......7
38 U.S.C. § 1812......7,8
38 U.S.C. § 1815......*passim*
38 U.S.C. § 7252(a)......1
38 U.S.C. § 7261(a)(1)......5
38 U.S.C. § 7261(a)(4)......5

## Regulations

38 C.F.R. § 3.814(c)(4)...................................................................11
38 C.F.R. § 3.815..........................................................................7,8

## Record Before the Agency

R. at 3-7 (July 27, 2022, Board Decision)...............................2,8,11,12
R. at 18-29 (March 2022 Board Hearing Transcript).....................3,4,9,12
R. at 143 (April 2020 Decision Review Request: Board Appeal (Notice of Disagreement))..........................................................................3
R. at 165-68 (March 2020 Letter to Appellant Accompanying March 2020 Rating Decision)...............................................................................3
R. at 177-80 (March 2020 Rating Decision)..............................................3
R. at 218 (DD 214 for period of service from September 1962 to August 1968)...2
R. at 219 (DD 214 for period of service from August 1958 to August 1962).......2
R. at 221 (Death Certificate for Jose Jesse Pereida)..................................2
R. at 523-24 (October 2019 Application For Benefits For Certain Children With Disabilities Born Of Vietnam And Certain Korea Service Veterans)...........2,9,12
R. at 583 (Birth Certificate for Rebecca Marie Pereida)...............................2

# IN THE UNITED STATES COURT OF APPEALS
# FOR VETERANS CLAIMS

| | |
|---|---|
| **REBECCA M. PEREIDA,** | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )     Vet.App. No.  22-6676 |
| | ) |
| **DENIS MCDONOUGH,** | ) |
| Secretary of Veterans Affairs, | ) |
| | ) |
| Appellee. | ) |

## ON APPEAL FROM THE
## BOARD OF VETERANS' APPEALS

## BRIEF OF THE APPELLEE
## SECRETARY OF VETERANS AFFAIRS

## I. ISSUE PRESENTED

1) Whether the Court should affirm the July 27, 2022, decision of the Board of Veterans' Appeals (Board) that denied entitlement to benefits under 38 U.S.C. § 1815 for a child born with certain covered birth defects.

2) Whether the Court should affirm the July 27, 2022, decision of the Board that denied entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida.

## II. STATEMENT OF THE CASE

### A. Jurisdictional Statement

The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a).

## B. Nature of the Case

Appellant, Rebecca M. Pereida, seeks the Court's review of the July 27, 2022, Board decision that denied (1) entitlement to benefits under 38 U.S.C. § 1815 for a child born with certain covered birth defects, and (2) entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida. Record Before the Agency (R.) [R. at 3 (3-7)].

## C. Statement of Relevant Facts

Appellant is the daughter of Jose Jesse Pereida, [R. at 583], who served on active duty from August 1958 to August 1962, [R. at 219], and from September 1962 to August 1968. [R. at 218]. The Veteran died in March 1995. [R. at 221].

Appellant filed an Application for Benefits for Certain Children with disabilities Born of Vietnam and Certain Korea Service Veterans, VA Form 21-0304, in October 2019. [R. at 523-24]. Appellant noted that her father served in Vietnam; however, her mother, Mary Pereida, did not have Vietnam service. [R. at 523 (523-24)]. In the "Disabilities Claimed" section of the application, Appellant listed spinocerebellar ataxia, dystonia, migraine headaches, fibromyalgia, Type II diabetes mellitus, panic disorder with agoraphobia, degenerative joint disease lower back, and spinonsitia [sic]. [R. at 524 (523-24)]. Appellant did not list spina bifida as a claimed disability. *Id.*

In March 2020, the Regional Office (RO) issued a rating decision on her claim denying entitlement to benefits under both 38 U.S.C. § 1805 for a child born with spina bifida, and under 38 U.S.C. § 1815 for a child born with certain other

birth defects.  [R. at 178 (165-68; 177-80)].  The rating decision denied entitlement to benefits under 38 U.S.C. § 1805 because there was no evidence of spina bifida. [R. at 179 (177-80)].  The rating decision denied entitlement to benefits under 38 U.S.C. § 1815 because there is no evidence that Appellant's mother had qualifying service in Vietnam.  [R. at 179-80 (177-80)].  The RO favorably found that Appellant's father had covered service in Vietnam from March 1965 to March 1966. [R. at 180 (177-80)].

Appellant submitted a Decision Review Request:  Board Appeal (Notice of Disagreement), VA Form 10182, in April 2020. [R. at 143].  On that form, Appellant indicated that she wanted a hearing with a Veterans Law Judge.  *Id.*

On March 14, 2022, a hearing with a Veterans Law Judge was held.  [R. at 18-29].  At this hearing, Appellant (as well as her mother) specifically testified that her mother was not a Vietnam veteran:

> JUDGE:  Is your mother . . . a Vietnam Veteran?
>
> MS. R. PEREIDA:  No—
>
> JUDGE:  No.
>
> MS. M. PEREIDA:  No.
>
> MS. R. PEREIDA:  --sir.
>
> JUDGE:  She's not.  Okay.

[R. at 22 (18-29)].

In addition, Appellant testified at the March 14, 2022, hearing that she is not diagnosed with spina bifida:

3

> JUDGE: .... Are you diagnosed with spina bifida?
>
> MS. R. PERIDA: No. No.
>
> JUDGE: You're not.
>
> MS. R. PEREIDA: No.

[R. at 21 (18-29)].

In July 2022, the Board issued its decision denying entitlement to benefits under 38 U.S.C. § 1815 for a child born with certain cover birth defects (other than spina bifida), and under 38 U.S.C. § 1805 for a child born with spina bifida. This appeal ensued.

### III. SUMMARY OF ARGUMENT

The Court should affirm the Board's July 27, 2022, decision that denied (1) entitlement to benefits under 38 U.S.C. § 1815 for a child born with certain covered birth defects, and (2) entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida.

In regard to the denial of entitlement to benefits under 38 U.S.C. § 1815, the Board properly found that Appellant's mother is not a veteran, and therefore, Appellant is not an eligible child under that statute.

In regard to the denial of entitlement to benefits under 38 U.S.C. § 1805, the Board properly found that Appellant does not have a diagnosis of spina bifida, and therefore, Appellant is not an eligible child under that statute.

4

## IV. ARGUMENT

As a threshold matter, Appellant has submitted an informal brief, and the Secretary has attempted to discern, to the extent possible, Appellant's arguments on appeal. [Appellant's Brief [AB] at 1-10]. *See De Perez v. Derwinski*, 2 Vet.App. 85, 86 (1992) (noting that when reviewing the Board's decision, the Court liberally construes arguments made by *pro se* appellants). The Secretary is cognizant of the duty to give a liberal and sympathetic reading to the informal briefs of *pro se* Appellants. *See Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004) (stating that with respect to all *pro se* pleadings, VA must give a sympathetic reading by "determining all potential claims raised by the evidence, applying all relevant laws and regulations") (quoting *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001)).

### A. Standard of Review.

Factual determinations made by the Board -- such as whether Appellant has spina bifida or whether Appellant's mother is a Vietnam veteran -- are entitled to deference and are subject to the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4). However, whether benefits are available in this case under 38 U.S.C. §§ 1805 and 1815 is a question of law that the Court reviews under the de novo standard of review. *See Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (stating that the Court reviews "questions of law de novo without any deference to the [Board's] conclusions of law"); *see* 38 U.S.C. § 7261(a)(1).

5

It is relevant to the Court's standard of review that *pro se* appellants, like other parties, "bear[ ] the burden of persuasion on appeals to this Court." *Berger v. Brown*, 10 Vet.App. 166, 169 (1997); *see also Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that the appellant bears the burden of demonstrating error on appeal), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table). An appellant's burden also includes the burden of demonstrating that any Board error is harmful. *Waters v. Shinseki*, 601 F.3d 1274, 1278 (Fed. Cir. 2010). The Court "requires that an appellant plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments." *Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006). If the appellant cannot demonstrate that the outcome of the claim could have been different had the alleged error not been committed, the error is non-prejudicial, and the Board decision must be affirmed. *Valiao v. Principi*, 17 Vet.App. 229, 232 (2003) (holding that error is nonprejudicial "where the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision"). *See also Lamb v. Peake*, 22 Vet.App. 227, 235 (2008) (holding that there is no prejudicial error when a remand for a decision on the merits would serve no useful purpose).

Even *pro se* appellants must raise specific arguments demonstrating Board error since the Court may not manufacture arguments on behalf of appellants, even those proceeding *pro se*. *See Parks v. Shinseki*, 716 F.3d 581, 586 (Fed. Cir. 2013) (explaining that "it is one thing to read a record sympathetically . . . it is quite

6

another to read into the record an argument that had never been made"); *Evans v. West*, 12 Vet.App. 22, 31 (1998) (stating that the Court will give no consideration to a "vague assertion" or an "unsupported contention").

**B. The Court Should Affirm The Board's Denial Of Entitlement To Benefits Under 38 U.S.C. § 1815 For A Child Born With Certain Birth Defects Because Appellant's Mother Is Not A Vietnam Veteran, And, Therefore, Appellant Is Not An Eligible Child Under 38 U.S.C. § 1815.**

**1. Legal Standard.**

Pursuant to 38 U.S.C. § 1815, contained in 38 U.S.C. Chapter 18, Subchapter II (*"Children of Women Vietnam Veterans Born with Certain Birth Defects"*), VA shall pay a monthly allowance to, or on behalf of, a child of *women* Vietnam veterans for certain birth defects (other than spina bifida). To qualify for a monthly allowance on the basis of any of these birth defects, the claimant's *mother* must be a Vietnam veteran. 38 U.S.C.A. §§ 1811, 1812, 1815; 38 C.F.R. § 3.815.

The certain birth defects covered by 38 U.S.C. § 1815 include achondroplasia, cleft lip and cleft palate, congenital heart disease, congenital talipes equinovarus (clubfoot), esophageal and intestinal atresia, Hallerman-Streiff syndrome, hip dysplasia, Hirschprung's disease (congenital megacolon), hydrocephalus due to aqueductal stenosis, hypospadias, imperforate anus, neural tube defects, Poland syndrome, pyloric stenosis, syndactyly (fused digits), tracheoesophageal fistula, undescended testicle, and Williams syndrome, that are

associated with the veteran's exposure to toxic herbicides. 38 U.S.C.A. §§ 1812, 1815; 38 C.F.R. § 3.815.

### 2. Analysis.

In this case, the Board plausibly and correctly found that benefits were not warranted under 38 U.S.C. § 1815 for a child born with certain covered birth defects (other than spina bifida). [R. at 4-5 (3-7)]. The Board explained that Appellant's mother is not a Vietnam veteran, and Appellant did not content otherwise. [R. at 4 (3-7)]. Without Appellant's mother being a Vietnam veteran, the Board found that Appellant did not qualify for benefits as there was no legal basis upon which to grant benefits for a birth defect other than spina bifida:

> [T]here is no legal basis upon which to grant benefits for a birth defect other than spina bifida. Although the appellant believes that she is entitled to benefits, under 38 U.S.C. §§ 1815 for her birth defects other than spina bifida, the law is dispositive of the issue on appeal, and the claim must be denied because of the absence of legal merit or entitlement under the law. *See Sabonis v. Brown*, 6 Vet. App. 426 (1994). [R. at 5 (3-7)].

The Board, therefore, provided an adequate statement of reasons or bases for denying entitlement to benefits under 38 U.S.C. § 1815 for a child born with birth defects other than spina bifida. *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995) ("The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court.").

Notably, in her October 2019 Application for Benefits for Certain Children with disabilities Born of Vietnam and Certain Korea Service Veterans, VA Form

8

21-0304, Appellant did not claim that her mother had Vietnam service. [R. at 523 (523-24)]. And, tellingly, in her 10 page informal brief, Appellant does not allege that her mother is a Vietnam veteran. Further, at her March 14, 2022, hearing held in this case, Appellant (as well as her mother) specifically testified that her mother is not a Vietnam veteran:

> JUDGE: Is your mother . . . a Vietnam Veteran?
>
> MS. R. PEREIDA: No—
>
> JUDGE: No.
>
> MS. M. PEREIDA: No.
>
> MS. R. PEREIDA: --sir.
>
> JUDGE: She's not. Okay.

[R. at 22 (18-29)].

In her informal brief, rather than take issue with the Board's finding that Appellant's mother is not a Vietnam veteran, Appellant repeatedly argues that 38 U.S.C. Chapter 18, Subchapter II is discriminatory on the basis of sex. *See* [AB at 7 ("excluding all male Vietnam veterans under 38 U.S.C. chapter 18, subchapter II is Sex Discrimination"); *see also* AB at 3 ("[e]xcluding males from the same law is not only injustice, its [sic] sexist, prejudice, and sex discrimination").

Be as it may, Congress has expressly limited the benefits allowable under 38 U.S.C. § 1815 to children of *women* Vietnam veterans. *See* title to 38 U.S.C. Chapter 18, Subchapter II: *"Children of Women Vietnam Veterans Born with Certain Birth Defects."* As such, Congress has spoken to the precise question at

9

issue, and that is the end of the matter. *See Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.,* 467 U.S. 837, 842-43 (1984) (holding that if Congress has spoken directly, that is the end of the matter, and the Court and agency are required to "give effect to the unambiguously expressed intent of Congress.").

Appellant simply disagrees with the law, rather than the Board's determination, interpreting existing law. On page 4 of her informal brief, Appellant specifically argues that the law needs to be revised: *"The law under 38 U.S.C. chapter 18 subchapter II need[s] to be revised to include both sexes male and female."* [AB at 4 (emphasis added)]. And, on page 8 of her informal brief Appellant, again, argues that the law needs to be revised: *"38 U.S.C. chapter 18 Subchapter II needs to be revised to include biological father not just biological mother for covered birth defects."* [AB at 8 (emphasis added)].

However, unfortunately for Appellant, this Court is not the appropriate body to revise the law. *Crippen v. Brown,* 9 Vet.App. 412, 424 (1996) ("it is not the province of a Court to act as a legislature"). Rather, Appellant's remedy lies with Congress. *Boyer v. West,* 210 F.3d 1351, 1356 (Fed. Cir. 2000) (noting that "the court can only interpret the statutes that are enacted by the Congress," and that "[a]ny changes that parties . . . seek in order to eliminate a statutory incongruity should be brought to the attention of Congress").

Accordingly, the Court should affirm the Board's denial of entitlement to benefits under 38 U.S.C. § 1815 for a child born with certain covered birth defects

10

(other than spina bifida), as Appellant fails to prove any error, much less prejudicial error. *See Hilkert*, 12 Vet.App. at 151.

    **C. The Court Should Affirm The Board's Denial Of Entitlement To Benefits Under 38 U.S.C. § 1805 For A Child Born With Spina Bifida Because Appellant Does Not Have A Diagnosis Of Spina Bifida, And, Therefore, Appellant Is Not An Eligible Child Under 38 U.S.C. § 1805.**

    **1. Legal Standard.**

Pursuant to 38 U.S.C. § 1805(a), contained in 38 U.S.C. Chapter 18, Subchapter I (*"Children of Vietnam Veterans Born with Spina Bifida"*), VA shall pay a monthly allowance, based on level of disability, to, or on behalf of, a child of a Vietnam veteran who has spina bifida. *See also Pratt v. Nicholson*, 20 Vet.App. 252, 255 (2006). "Spina bifida" means all forms and manifestations of spina bifida except spina bifida occulta. 38 U.S.C. § 1802; 38 C.F.R. § 3.814(c)(4). Significantly, spina bifida is the only birth defect which warrants an award of monetary benefits based on the herbicide exposure of a Vietnam veteran who is the father of the child at issue. *See* 38 U.S.C. Chapter 18, Subchapter I and *compare* 38 U.S.C. Chapter 18, Subchapter II.

    **2. Analysis.**

In this case, the Board plausibly and correctly found that benefits were not warranted under 38 U.S.C. § 1805 for a child born with spina bifida. [R. at 5-7 (3-7)]. The Board noted that the record showed that Appellant has multiple diagnoses, to include spinocerebellar ataxia, dystonia, fibromyalgia, diabetes, and panic disorder. [R. at 6 (3-7)]. However, the Board also noted that the record did

11

not show a diagnosis of spina bifida, and Appellant did not contend that she has spina bifida. *Id.* The Board reasoned that since Appellant did not have a diagnosis of spina bifida, then, she did not meet the criteria for benefits under 38 U.S.C. § 1805. *Id.* As such, the Board concluded that there was no legal basis upon which to grant benefits:

> Thus, there is no legal basis upon which to grant benefits. The law is dispositive of the issue on appeal, and the claim must be denied because of the absence of legal merit or entitlement under the law. *See Sabonis,* 6 Vet. App. at 426. [R. at 7 (3-7)].

The Board, therefore, provided an adequate statement of reasons or bases for denying entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida. *See Allday,* 7 Vet.App. at 527.

Notably, in her October 2019 Application for Benefits for Certain Children with disabilities Born of Vietnam and Certain Korea Service Veterans, VA Form 21-0304, Appellant did not claim spina bifida as a disability. [R. at 524 (523-24)]. And, tellingly, in her 10 page informal brief, Appellant did not allege that she has spina bifida. [AB at 1-10]. Further, at her March 14, 2022, hearing held in this case, Appellant specifically testified that she is not diagnosed with spina bifida:

> JUDGE: .... Are you diagnosed with spina bifida?
>
> MS. R. PERIDA: No. No.
>
> JUDGE: You're not.
>
> MS. R. PEREIDA: No.

[R. at 21 (18-29)].

Indeed, in her informal brief, Appellant offers no reason as to why the Court should not affirm the Board's denial of entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida.

Accordingly, the Court should affirm the Board's denial of entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida, as Appellant fails to prove any error, much less prejudicial error. *See Hilkert*, 12 Vet.App. at 151.

### D. Appellant Has Abandoned All Issues Not Argued In Her Brief.

Because Appellant has limited her arguments to those addressed above, the Court should hold that she has abandoned any other errors that may be in the Board's decision. *See, e.g., Disabled Am. Veterans v. Gober*, 234 F.3d 682, 688 n.3 (Fed. Cir. 2000) (stating that the Court would "only address those challenges that were briefed"); *Hodges v. West*, 13 Vet.App. 287, 290 (2000) (citing *Degmetich v. Brown*, 8 Vet.App. 208, 209 (1995)) (issues or claims not argued on appeal are deemed to be abandoned).

### V. CONCLUSION

Based upon the foregoing, the Secretary respectfully submits that the Court affirm the Board's July 27, 2022, decision that denied (1) entitlement to benefits under 38 U.S.C. § 1815 for a child born with certain covered birth defects, and (2) entitlement to benefits under 38 U.S.C. § 1805 for a child born with spina bifida.

Respectfully submitted,

13

**RICHARD J. HIPOLIT**
Deputy General Counsel for
Veterans Programs

**MARY ANN FLYNN**
Chief Counsel

*/s/ Christopher W. Wallace*
**CHRISTOPHER W. WALLACE**
Deputy Chief Counsel

*/s/ Mark R. Leventhal*
**MARK R. LEVENTHAL**
Appellate Attorney
Office of the General Counsel (027G)
U.S. Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, DC 20420
(202) 632-4382
Mark.leventhal@va.gov

Attorneys for Appellee Secretary
of Veterans Affairs

14

**CERTIFICATE OF SERVICE**

On this 2nd day of October, 2023, a copy of the foregoing was mailed,

postage prepaid, to:

> Rebecca M. Pereida
> 422 W Formosa Blvd
> San Antonio, TX  78221

I certify under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

> /s/ Mark R. Leventhal
> **MARK R. LEVENTHAL**
> Counsel for Appellee