NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REBECCA M. PEREIDA,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-2018

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-6676, Judge William S. Greenberg.

---

Decided: April 14, 2025

---

REBECCA PEREIDA, San Antonio, TX, pro se.

BRITTNEY M. WELCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; CARLING KAY BENNETT, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

2                                            PEREIDA v. COLLINS

Before TARANTO, CHEN, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Rebecca M. Pereida's biological father was a Vietnam veteran; her biological mother is not. In 2019, Ms. Pereida, citing her father's status as a Vietnam veteran, applied to the U.S. Department of Veterans Affairs (VA) for benefits based on alleged disabilities of her own, made available by law to certain children of Vietnam veterans. VA's relevant regional office denied the claim, and the Board of Veterans' Appeals affirmed the denial. Secretary Supplemental Appendix (S. Appx.) 12–16. Upon Ms. Pereida's appeal of the Board's decision, the Court of Appeals for Veterans Claims (Veterans Court) also affirmed, determining in relevant part that Ms. Pereida was not entitled to benefits based on birth defects under 38 U.S.C. §§ 1811–1816—specifically, under § 1815—because those provisions expressly apply only to an "eligible child," defined as a child of "a woman Vietnam veteran," § 1811(1)(A). S. Appx. 1–6 (*Decision*); S. Appx. 7. In so holding, the Veterans Court acknowledged that Ms. Pereida asserted that the provisions impermissibly discriminate on the basis of sex, but it affirmed the Board's denial of the benefits claim simply because "the law is clear as to which claimants are entitled to benefits" under the statute. *Decision*, at 6.

Ms. Pereida appeals, raising the discrimination issue expressly as a constitutional challenge to the statutory sex-based limit. The government does not deny the evident fact that Ms. Pereida's sex-discrimination challenge in the Veterans Court was a constitutional challenge. But the Veterans Court provided no explanation for its rejection of the constitutional challenge, whether forfeiture or lack of Veterans Court authority or insufficient development or lack of merit or any other reason. We vacate and remand for the Veterans Court to address the issue.

I

Ms. Pereida's father, now-deceased Jose J. Pereida, served on active duty in the U.S. Marine Corps from August 1958 to August 1962 and from September 1962 to August 1968, with service in Vietnam. S. Appx. 4; S. Appx. 13. Ms. Pereida's mother, Mary Pereida, did not serve in the military in Vietnam. S. Appx. 50; S. Appx. 68. In October 2019, Ms. Pereida filed an application for benefits as a child with disabilities born of a Vietnam veteran (her father), listing the conditions of spinocerebellar ataxia, dystonia, migraine headaches, fibromyalgia, type II diabetes mellitus, panic disorder with agoraphobia, degenerative joint disease of the lower back, and spinonsitia. S. Appx. 68–69.

On March 31, 2020, a VA regional office denied the claim, determining that Ms. Pereida did not qualify for benefits under either of the two relevant statutory bases for benefits for a child with disabilities born of a Vietnam veteran: (1) Ms. Pereida was not entitled to benefits for a child born with spina bifida to a Vietnam-veteran parent (mother *or* father) under 38 U.S.C. § 1805, because the record did not show that she had such a diagnosis; and (2) Ms. Pereida was not entitled to benefits for a child born with certain non-spina-bifida birth defects to a Vietnam-veteran *mother* under 38 U.S.C. § 1815, because the record did not show that Ms. Pereida's mother had served in Vietnam. S. Appx. 59–66; *see also* 38 U.S.C. § 1811 (defining an "eligible child" for benefits under § 1815 as an individual who is the child of a "woman Vietnam veteran" and who was born with "one or more covered birth defects" identified in § 1812); 38 C.F.R. § 3.814–815.

In April 2020, Ms. Pereida appealed the denial to the Board and requested a hearing. S. Appx. 58. In March 2022, a Veterans Law Judge held the requested hearing, during which Ms. Pereida stated that she had not been diagnosed with spina bifida and that her mother is not a Vietnam veteran, which her mother confirmed. S. Appx. 46,

49–50.  Accordingly, on July 27, 2022, the Board agreed with the regional office and denied Ms. Pereida's claim. S. Appx. 12–16.

Ms. Pereida appealed to the Veterans Court, contending that the provision of benefits to the children of female—but not male—Vietnam veterans under 38 U.S.C. §§ 1811–1816 constitutes discrimination on the basis of sex. S. Appx. 36–45.  Ms. Pereida did not challenge the Board's findings that she had no diagnosis of spina bifida and that her mother is not a Vietnam veteran.  S. Appx. 36–45.

On February 29, 2024, the Veterans Court affirmed the decision of the Board.  *Decision*, at 6.  It discerned no clear error in the Board's determinations that Ms. Pereida was not entitled to benefits under 38 U.S.C. §§ 1805 or 1815 because she did not have a diagnosis of spina bifida and her mother is not a Vietnam veteran.  *Id.* at 5–6.  The Veterans Court acknowledged that Ms. Pereida "argues that . . . 38 U.S.C. § 1815 is discriminatory because it only considers children of women Vietnam veterans."  *Id.* at 6 (citing Ms. Pereida's entire brief, S. Appx. 36–45).  Without further discussion, the Veterans Court stated that it was "sympathetic" to Ms. Pereida's situation but "the law is clear as to which claimants are entitled to benefits under sections 1805 and 1815," and "[a]ccordingly, the Court is left with no choice but to affirm the Board's denial of benefits." *Id.*  In the Veterans Court, Ms. Pereida was acting pro se.

Ms. Pereida moved for reconsideration.  The Veterans Court rejected the motion and entered judgment on March 22, 2024.  S. Appx. 7.  Ms. Pereida timely appealed to this court, where she is acting pro se.  Our jurisdiction is governed by 38 U.S.C. § 7292.

## II

Ms. Pereida presents one argument: that the Veterans Court erred in rejecting her contention that the sex-based distinction in the statute at issue (between father and mother) is unconstitutional.  It is clear, and both parties

before us accept, that the non-spina-bifida statutory benefits provision at issue, 38 U.S.C. § 1815, is limited to exclude Ms. Pereida because it was her father, not mother, who served in Vietnam. It is clear, and not denied by the government here, that she challenged the statutory distinction before the Veterans Court and the challenge was in fact an argument for unconstitutionality (even if she did not mention the Constitution expressly). It is also clear that the Veterans Court, which acknowledged that her entire brief before that court was an argument that the statutory distinction impermissibly discriminated on the basis of sex, necessarily rejected the contention as a basis for doing anything but affirming the Board's denial of benefits. *Decision*, at 6.

This contention is a legal challenge to a statute (and its relevantly identical implementing regulation), and the Veterans Court necessarily rejected it as a ground for setting aside the Board's decision. We therefore have jurisdiction under 38 U.S.C. § 7292 to review the Veterans Court's decision in order to address this contention. *See Smith v. Collins*, 130 F.4th 1337, 1343–44 (Fed. Cir. 2025) (citing cases). This jurisdiction includes authority "to determine whether [the] Veterans Court decision may have rested on an incorrect rule of law." *Martin v. McDonald*, 761 F.3d 1366, 1369 (Fed. Cir. 2014) (citing *Colantonio v. Shinseki*, 606 F.3d 1378 (Fed. Cir. 2010)); *see Acree v. O'Rourke*, 891 F.3d 1009, 1015 (Fed. Cir. 2018) (same). Where the decision may have rested on a legal error, we may vacate the decision and remand for further proceedings on the issue. *See Acree*, 891 F.3d at 1015; *Colantonio*, 606 F.3d at 1382.

Here, the Veterans Court's decision may well rest on legal error. Because of how little the Veterans Court said about the sex-discrimination challenge, we cannot tell why the Veterans Court rejected the challenge. And we think that it is at least advisable, perhaps even necessary given our limited jurisdiction, for the Veterans Court to undertake in the first instance the further consideration needed

for a proper decision of whether the constitutional contention should be rejected and, if so, why.

The government states that Ms. Pereida forfeited her argument by not presenting it to the Board. Secretary Informal Br. at 9–10 (citing *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998)). But the Veterans Court did not articulate such a ground, and the cited sentence from *Ledford* itself indicates that the relied-on doctrine of administrative exhaustion is "not jurisdictional." 136 F.3d at 780. Whether there is a forfeiture for non-exhaustion and whether, if so, it should be excused are matters for the Veterans Court to address. *See also Bowling v. McDonough*, 38 F.4th 1051, 1058–59 (Fed. Cir. 2022) (discussing practical, case-specific considerations).

The government states that, to the extent that Ms. Pereida made a "facial constitutional challenge to section 1815 (as distinguished from an as-applied challenge)," the Veterans Court lacked authority under 38 U.S.C. § 7261 to rule on the challenge. Secretary Informal Br. at 10–11 (citing *Taylor v. McDonough*, 71 F.4th 909, 942 (Fed. Cir. 2023) (en banc) (plurality portion of opinion)); *see Taylor*, 71 F.4th at 942–43. The government did not make such an assertion to the Veterans Court in its brief to that court. *See* Brief of the Appellee Secretary of Veterans Affairs at 9–10, *Pereida v. McDonough*, No. 22-6676 (Vet. App. Oct. 2, 2023) (attached to Ms. Pereida's Reply Brief in this court, ECF No. 47). And the Veterans Court did not discuss the issue now raised by the government or otherwise discuss whether it would lack authority to grant relief based on Ms. Pereida's challenge if it found the challenge meritorious.

The government states that Ms. Pereida "did not make a fully developed constitutional challenge to section 1815 before the Veterans Court." Secretary Informal Br. at 10. That is true, but the Veterans Court did not rely on that fact as a ground for its decision. Nor did it decide that a standard of full development should apply to a pro se filer like Ms. Pereida. *Compare De Perez v. Derwinski*, 2 Vet.

App. 85, 86 (1992) (noting liberal-construction principle applicable to pro se appellants), *with Locklear v. Nicholson*, 20 Vet. App. 410, 416 & n.4 (2006) (declining to consider an underdeveloped argument but considering it "of great significance" that petitioner was "represented by counsel in this case"). The Veterans Court also did not say that such a standard would justify rejection of the challenge without even exploring possibilities (*e.g.*, appointment of counsel or an amicus) for fuller development of legal arguments.

The government states that "[i]t is unclear . . . why [the statutes] would not withstand rational basis review." Secretary Informal Br. at 10 (citing *Talon v. Brown*, 999 F.2d 514, 517 (Fed. Cir. 1993) (discussing *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 176 (1980))). The Veterans Court did not address what the applicable standard of review would be for Ms. Pereida's challenge. Specifically, it did not discuss the many authorities applying a heightened standard of review to constitutional challenges to sex-differentiating classifications. *See*, *e.g.*, *Sessions v. Morales-Santana*, 582 U.S. 47, 57–59 (2017); *Tuan Anh Nguyen v. Immigration & Naturalization Service*, 533 U.S. 53, 60–61 (2001).

Nor did the Veterans Court conduct an analysis of the challenged statutory classification under any standard. In particular, it did not discuss the background of 38 U.S.C. §§ 1811–1816, which became law through enactment of the Veterans Benefits and Health Care Improvement Act of 2000, Pub. L. No. 106-419, § 401, 114 Stat. 1822, 1857–59 (2000). The Senate Committee on Veterans' Affairs, in recommending adoption of the measures, relied on the results of a then-recent study that identified "a statistically significant increase in the prevalence of birth defects . . . and severe birth defects" in the children of women Vietnam veterans as compared to the children of women who served elsewhere in the Vietnam era. S. Rep. No. 106-397, at 32 (2000) (discussing VA Environmental Epidemiology Service's "Women Vietnam Veterans Reproductive Outcomes Health Study"). That study was undertaken pursuant to a

1986 congressional directive. *See* Consolidated Omnibus Budget Reconciliation Act of 1985, Pub. L. No. 99-272, § 19031, 100 Stat. 82, 385–86 (1986); H.R. Rep. No. 99-337, pt. 1, at 40–41 (1985). A portion of the study, published in the medical literature, states several reasons for focusing on reproductive outcomes for *female* veterans, including that previous studies failed to identify an association between service in Vietnam by *male* veterans and most birth defects in their children. Han K. Kang et al., *Pregnancy Outcomes Among U.S. Women Vietnam Veterans*, 38 AM. J. INDUS. MED. 447, 447–48 (2000); *see* Monetary Allowances for Certain Children of Vietnam Veterans; Identification of Covered Birth Defects, 67 Fed. Reg. 200, 200 (Jan. 2, 2002) (to be codified at 38 C.F.R. pt. 3) (discussing the publication of the VA study). The House Committee, in recommending the bill that ordered that study, observed that female Vietnam veterans had not been included in other studies that were already being conducted involving male Vietnam veterans. H.R. Rep. No. 99-337, pt. 1, at 40–41. In noting the foregoing aspects of the statutory background, we do not suggest what their ultimate role should be in a proper present-day analysis of the statutory provision at issue.

For the above reasons, we conclude that the case should be remanded to the Veterans Court for further proceedings—in the Veterans Court or, if necessary, at the Board—on Ms. Pereida's constitutional challenge.

### III

The decision of the Veterans Court is vacated, and the case is remanded to the Veterans Court for further proceedings consistent with this opinion.

The parties shall bear their own costs.

**VACATED AND REMANDED**